**GAVIN et, Plaintiffs-Appellants, v. GAVIN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23242. Decided January 12, 1955.

McDonald, Hopkins, Hood & Hardy, Cleveland, for plaintiffs-appellants.

Feighan & Feighan, Cleveland, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of Ninth District, GRIFFITH, J, of Seventh District sitting by designation.)

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, Ohio.

On June 26, 1950, there was placed on record, in Cuyahoga County a deed from Mary Gavin and Nora Gavin to John F. Gavin, covering three parcels of real estate situated in that county. This document showed a consideration of one dollar and love and affection. Mary Gavin died on July 6, 1950, at the age of 78, and Nora Gavin died on May 10, 1951, at the age of 77.

The appellants are the brother and husband of a sister who died while this case was pending in the trial court.

John F. Gavin, the nephew of Mary and Nora Gavin, and his mother, came to live with his aunts at the age of eight. At fourteen, his mother died, and he remained with his aunts until their death, except for a period spent in the armed service of the United States. At the time of the death of Nora, John F. Gavin was about 34 years of age.

The plaintiffs below (appellants herein) filed an action in the trial court asking that the deed from Mary and Nora Gavin to John F. Gavin be cancelled and declared to be null and void. The trial court refused the prayer of this petition. From the judgment rendered thereon the appellants appeal to this court, saying:

"1. The trial court erred in finding the deed valid, because such finding was not supported by the evidence and was against the weight of the evidence.

"2. The trial court erred in failing to place upon the defendant the burden of proof to show that the conveyance was made intentionally and voluntarily with full understanding on the part of the grantors, in view of the fiduciary relation of the grantee to the grantors at the time the deed was made.

"3. The trial court erred in finding that the formalities of execution and delivery required for a deed of gift were fulfilled.

"4. The trial court erred in admitting and considering testimony offered by and through attorney More as to wills prepared by him for Nora and Mamie, because such testimony concerned privileged communications."

There is credible, competent evidence to sustain the judgment of the trial court, unless the trial judge erred in determining, in his conclusions of fact and conclusions of law, filed at the request of the plaintiffs, that:

"The plaintiffs had the burden of proving that the deed in question was not a valid instrument as it appeared to be."

It is the claim of the appellants that the relationship of John F. Gavin to his aunts, Mary Gavin and Nora Gavin, was confidential and fiduciary in character and that the well recognized rule of law regarding

transactions with one standing in such relationship should be applied in this case.

This rule has been aptly stated by Judge Doyle in the case of **Federman v. Stanwyck et, 63 Abs 178** at page 181, as follows:

"Under circumstances where gifts of property are improvidently made and there is evidence tending to prove a fiduciary relationship of the type now being discussed, while equity recognizes under many circumstances, the validity of such transactions between the parties, yet, because every fiduciary relation implies a condition of superiority held by one of the parties over the other, in transactions between them, by which the superior party obtains a possible benefit, equity raises a presumption against its validity, and casts upon that party the burden of proving affirmatively the fairness of the transaction and its compliance generally with all equitable requisites." See, also: **Peterson et, v. Mitchener et, 79 Oh Ap 125; Berkmeyer v. Kellerman, 32 Oh St 239; McAdams v. McAdams, Sr., 80 Oh St 232.**

Did such a relationship exist in the instant case?

If this confidential and fiduciary relationship existed, it did so from the fact that John F. Gavin was principally reared by and lived with his aunts the major portion of his life; and hence that close family relationship ipso facto established such relationship. The testimony disclosed that both aunts had "minds of their own" and treated the man, John F. Gavin, as though he were still the boy they referred to as "Little John."

We do not deem it necessary to discuss the nature of the confidential relationship that exists between attorney and client, guardian and ward, and trustee and beneficiary. Our inquiry is with reference to a family relationship of aunt and nephew, which in this case is factually similar to that of parent and child.

We do not find any law which prevents a parent from giving a son or a daughter any property of which the parent is the owner, if freely and voluntarily done, especially when the gift originated in the mind of the parent or was unsuggested by any agency of the son or daughter.

In the case of **McAdams v. McAdams, Sr., 80 Oh St 232,** the court said:

"1. In an action by the grantor in a deed, to reform the instrument upon the ground that the grantee fraudulently concealed and misstated the contents of the deed to the grantor, when it appears that the grantee is a son of the grantor and an attorney at law, and that such grantee was entrusted with the drafting of the instrument upon his own suggestion, such facts raise a presumption of the existence of relations of trust and confidence between the parties and put upon the grantee the burden of showing that no undue advantage was taken of the grantor in the execution of the deed.

"2. But when it also clearly appears in such case that such deed is in apparent accord with previous declarations of the grantor as to his intentions and his subsequent declarations as to what he had done, and that he could read and had ample opportunity before, at, and after, signing the deed to read the same, the presumption of undue advantage by reason of confidential relations is rebutted, and the burden rests upon the grantor to show by clear and convincing proof that the deed is fraudulent.

"3. In such case declarations of the grantor made in the absence of the grantee, are not competent evidence to prove the alleged fraud; but statements of the grantor which tend to rebut the claim of fraud, whether made before or after the signing of the deed, are admissible."

In that case, at pages 243 and 244, the court said:

"The relation of parent and son, even if the latter should occupy the relation of attorney also, will not raise a presumption of undue influence."

See, also: 39 Am. Jr. Parent and Child, Sec. 99 and authorities cited there. 67 C. J. S. Parent and Child Sec. 60; 1 Bigelow on Fraud, Sec. 5, Parent and Child of Subdivision II, Confidential Relations of Chapter I of "Constructive Fraud" (p. 354 et seq.).

The family relationship which existed between John F. Gavin and his aunts, Mary Gavin and Nora Gavin, did not as a matter of law and in and of itself create a confidential or fiduciary relationship, and (as we said above) the trial judge had competent credible evidence from which he could conclude that no such relationship existed as a matter of fact.

Since this appeal is on questions of law only, the judgment in this case must be affirmed.

Judgment affirmed.

DOYLE, PJ, GRIFFITH, J, concur.