McCluskey, Appellant, *v.*
Burroughs, Appellee.

(No. 81-B-11—Decided January 29, 1982.)

*Messrs. Stern, Stern & Stern* and *Mr. James A. Stern,* for appellant.

*Mr. Gregory W. Hinzey,* for appellee.

Gorman, J. Plaintiff-appellant, Sophia McCluskey, appeals from the judgment of the Court of Common Pleas of Belmont County denying her claim for rescission and cancellation of a deed to her daughter, Virginia Burroughs, the defendant-appellee. Her single assignment of error alleges that the trial court erroneously excluded as too remote certain evidence concerning the relationship of the parties. We disagree.

On April 25, 1980 McCluskey, who was eighty-four years of age, went to her attorney's office to make her will. While there, she asked her attorney to telephone Burroughs who lived in Kentucky and to ask if she would come to live with her in Lafferty, Ohio. Burroughs advised that she would do so only if her mother deeded her home to her. The attorney prepared a will and a deed conveying McCluskey's home to Burroughs. McCluskey signed both before leaving her attorney's office. McCluskey contends she did not intend to deed her home since she feared her daughter might evict her. At trial Mc-

Cluskey proceeded on two issues: (1) whether she had the mental capacity to convey her property, and (2) whether she was under a unilateral mistake as to the nature and purpose of the deed. However, the thrust of her evidence was directed to alleged undue influence exerted by her daughter.

A party seeking rescission and cancellation of a deed because of undue influence or lack of capacity has the burden of proof by clear and convincing evidence. *Willis* v. *Baker* (1906), 75 Ohio St. 291, paragraph one of the syllabus. Although a parent may give a child his property if it is freely and voluntarily done, transactions between parent and child presume a confidential or fiduciary relationship in which the beneficiary occupies a position of superiority in his dealings with the other. *Gavin* v. *Gavin* (App. 1955), 71 Ohio Law Abs. 361. As required by Evid. R. 301, the trial judge properly maintained the risk of nonpersuasion on the plaintiff, but shifted the burden of going forward to Burroughs thus requiring her to establish the fairness of the transaction.

McCluskey contends the trial judge should have admitted evidence of an incident six years before in which she gave Burroughs title to her automobile. Burroughs then allegedly left with the automobile and returned to Kentucky. Under Evid. R. 401, evidence is irrelevant if it is so remote in time as not to have "* * * any tendency to make the existence of any fact * * * more probable * * * than it would be without the evidence." If the evidence does not tend to prove a fact assisting in the determination of an issue it has no function. Even before adoption of the Ohio Rules of Evidence, this same test prevailed. *Barnett* v. *State* (1922), 104 Ohio St. 298.

Since evidence that McCluskey has always been mentally alert and perceptive was not contradicted and since the execution of the deed occurred when her daughter's ability to exert influence was limited because of her absence from Ohio,

we cannot conclude the trial judge abused his discretion in finding that the probative value of McCluskey's evidence was inconsequential. See, also, 1 Jones on Evidence (6 Ed., Gard Rev. 1972) 377, Section 4.1. The record reflects substantial evidence on this issue to support the trial judge's written decision in all respects.

Accordingly, we overrule the plaintiff's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and DONOFRIO, J., concur.

GORMAN, J., of the Court of Common Pleas of Hamilton County, was assigned to the Seventh Appellate District in accordance with Section 5(A)(3), Article IV, Constitution.