STUDNIEWSKI, Exrx., Appellant,

v.

KRZYZANOWSKI et al., Appellees.

[Cite as *Studniewski v. Krzyzanowski* (1989), 65 Ohio App.3d 628.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–320.

Decided Dec. 15, 1989.

*Richard Kolb* and *Edward F. Zoltanski,* for appellant.

*Mark E. Lupe,* for appellees.

ABOOD, Judge.

This is an appeal from the judgment of the Lucas County Court of Common Pleas, Probate Division, denying plaintiff-appellant Evelyn Studniewski's motion for summary judgment and granting the motion of defendants-appellees, Joan Krzyzanowski and Barbara Jackson, for partial summary judgment, finding them to be the lawful owners of $24,252.54 that was transferred from Mary Hoffman's account on May 6, 1985. Appellant has appealed setting forth two assignments of error:

"I. The probate court erred in granting defendants' motion for partial summary judgment.

"II. The probate court erred in denying plaintiff's motion for summary judgment."

The underlying facts giving rise to this appeal are not in dispute. Beginning in or about February 1983, Mary Hoffman, the mother of Joan Krzyzanowski and Evelyn Studniewski, maintained a joint and survivorship account at the Conrail Federal Credit Union with the other joint tenant being appellee, Krzyzanowski. On May 6, 1985, Krzyzanowski withdrew $24,252.54 from that account and transferred it to another joint and survivorship account in her

name and that of her daughter, Barbara Jackson. Around July 1986, Mary was injured in a fall and placed in a nursing home.[1] In or about August 1986 appellant, Studniewski, was appointed guardian for Mary who was adjudged incompetent. On January 18, 1987, Mary died testate. On April 16, 1987, her will and an application to probate was filed with the probate court. On May 5, 1987, an application to relieve the estate from administration was filed which, on May 18, 1987, was granted, and the will was admitted to probate. On December 30, 1987, appellant, as executrix, filed a motion to vacate the entry relieving the estate from administration, alleging that there might be additional assets in the estate and that legal action could be necessary to recover them. On December 30, 1987, the entry relieving the estate from administration was vacated.

On February 16, 1988, appellant, as executrix of the estate, filed a complaint for declaratory judgment against appellees requesting a turnover of the $24,252.54 that Krzyzanowski transferred from the original joint and survivorship account that she held with the decedent.[2] In her complaint, appellant alleged that that account was established for the convenience of the decedent, and, as such, the monies therein were the sole property of the decedent and therefore belonged to the estate. Appellant also filed a motion for a preliminary injunction requesting that the court enjoin appellees from transferring the funds in question. On March 14, 1988, appellees filed their answer in which they alleged that the funds transferred by Krzyzanowski from the account were a gift from the decedent to appellee Krzyzanowski.

A hearing was held on the motion for preliminary injunction on March 14, 1988 and in a judgment entry dated April 19, 1988, it was granted.

On June 10, 1988, appellant filed a motion for summary judgment asserting there was no genuine issue of material fact and that she was entitled to judgment as a matter of law that Krzyzanowski's transfer of the money from one joint account to the other was not as a result of a valid *inter vivos* gift. In support of her motion for summary judgment, appellant argued that the evidence adduced at the hearing on preliminary injunction indicated that there was no proof of donative intent on the part of the decedent, that Krzyzanowski had exercised undue influence on the decedent and that Krzyzanowski failed to demonstrate that the decedent had voluntarily and knowingly made a

---

1. From 1954 to 1983, appellant resided with Mary in Mary's home. Thereafter, Mary moved in with appellees until she was placed in the nursing home.

2. Appellant also requested the court to reject certain claims that Krzyzanowski made against the estate. This issue was not included in the parties' cross-motions for summary judgment but was resolved subsequent to the probate court's determination of the summary judgment motions.

gift of the money. On June 10, 1988, appellees filed a motion for partial summary judgment on the same issue arguing that the facts were undisputed and that they were entitled to judgment as a matter of law because the transfer on May 6, 1985 was a completed, irrevocable gift.

On July 15, 1988, the trial court filed its memorandum and judgment entry granting appellees' motion for partial summary judgment and denying appellant's motion for summary judgment. It is from this decision that appellant has appealed.

In her first assignment of error, appellant asserts that the probate court erred in granting appellees' motion for partial summary judgment. In support of this assignment of error, appellant submits that the evidence before the trial court on the parties' cross-motions for summary judgment consisted of the testimony adduced at the preliminary injunction hearing that Mary had contributed all of the funds to the joint and survivorship account, that at the time of the transfer Mary was unable to conduct her own financial affairs and was dependent upon appellee to take care of them for her and that Mary was only marginally competent at the time that the funds were transferred. Appellant argues that this evidence demonstrates that the joint and survivorship account was initially created for the convenience of Mary only and that her intent was not to vest a present interest in that account in Krzyzanowski. Appellant argues further that a fiduciary relationship existed between Mary and appellant and that the transfer of the funds from the original joint account by Krzyzanowski was a breach of that fiduciary duty. Appellant also submits that the evidence demonstrates that Mary did not intend to make a gift of the funds in the account, did not have the capacity to make a gift, and that the circumstances herein give rise to the presumption that Krzyzanowski unduly influenced Mary and, therefore, appellees have the burden of proving the absence of such influence as well as Mary's intent. Finally, appellee submits that competing reasonable inferences can be drawn from the underlying undisputed facts and, therefore, the probate court's decision granting summary judgment in favor of appellees was inappropriate.

In response, appellees submit that there are no genuine issues of material fact and that their testimony that Mary told Krzyzanowski to make the transfer and that the money was hers for taking care of her amply demonstrates that Mary did intend to make a gift to Krzyzanowski of the funds in the account. Appellees argue further that the issues raised by appellant on appeal were raised for the first time in the appellate court and therefore this court should not consider them.

■ "A joint and survivorship account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the

sums on deposit, unless there is clear and convincing evidence of a different intent." *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph one of the syllabus. The Supreme Court of Ohio has placed the burden on the joint survivor to show the intent of the decedent as to ownership of funds contributed to the account by the decedent during the lifetime of the parties. *Gillota v. Gillota* (1983), 4 Ohio St.3d 222, 4 OBR 576, 448 N.E.2d 802; *Thompson, supra.*

Here it is undisputed that Mary contributed all of the funds to the original joint and survivorship account. The central issue raised by the parties' cross-motions for summary judgment is whether the May 6, 1985 transfer by Krzyzanowski of the $24,252.54 from that account to another joint account in appellees' names only was done to carry out Mary's intention to make an *inter vivos* gift of those funds to Krzyzanowski.

A gift *inter vivos* is an immediate, voluntary and gratuitous transfer of property by a donor, competent to act during his lifetime, to another. *Saba v. Cleveland Trust Co.* (1926), 23 Ohio App. 163, 165, 154 N.E. 799, 800; *Bolles v. Toledo Trust Co.* (1936), 132 Ohio St. 21, 26–29, 7 O.O. 60, 62–63, 4 N.E.2d 917, 919–921. To support a gift *inter vivos* there must exist clear and convincing evidence of a present intention on the part of the donor to transfer title and right of possession as well as evidence of a completed delivery of the subject matter of the gift with the donor relinquishing ownership, dominion and control over it. *Saba, supra; Bolles, supra.*

Where a confidential or fiduciary relationship exists between a donor and donee, the transfer is looked upon with some suspicion that undue influence may have been brought to bear on the donor by the donee. *Willis v. Baker* (1906), 75 Ohio St. 291, 79 N.E. 466; *McCluskey v. Burroughs* (1982), 4 Ohio App.3d 182, 4 OBR 284, 446 N.E.2d 1143. In such circumstances a presumption arises, and the party with the superior position must go forward with proof on the issue of undue influence and fairness of the transaction while the party attacking a completed gift on that basis retains the ultimate burden of proving undue influence by clear and convincing evidence. *Willis, supra; McCluskey, supra;* see, also, *In the Matter of the Estate of Przybylek v. Gwozdz* (Mar. 17, 1989), Lucas App. No. L–88–107, unreported, 1989 WL 25536.

This court's role in reviewing the trial court's decision granting appellee's motion for summary judgment is the same as the trial court. Civ.R. 56(C) provides in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, tran-

scripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * *Summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.*" (Emphasis added.)

The Supreme Court of Ohio in *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47 set forth the prerequisites for rendering summary judgment, requiring the moving party to demonstrate:

" * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

■ Here, although the underlying facts as set forth above are undisputed, conflicting reasonable inferences can be drawn from the evidence as to the decedent's intent and capacity to make a gift and the potential existence of undue influence upon the decedent by appellee. Clearly a resolution of these issues would necessarily require the court to weigh the evidence and judge the credibility of the witnesses, a process which is only for the trier of fact, at trial, and is wholly inappropriate in the consideration of a motion for summary judgment. *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App.2d 78, 66 O.O.2d 171, 286 N.E.2d 324.

Upon consideration of the law as outlined above and all of the evidence that was before the trial court, this court cannot say that, when construing that evidence most strongly in favor of appellant, reasonable minds could only conclude that the decedent intended to make a gift to appellee of the funds in the account. Accordingly, this court finds that the trial court erred in finding that appellees are entitled to judgment as a matter of law, and appellant's first assignment of error is found well taken.

In her second assignment of error, appellant asserts that the trial court erred in denying her motion for summary judgment, arguing that based upon the undisputed facts the trial court could properly have concluded that no completed, unconditional and irrevocable gift had been made by the decedent to appellee of the funds in the account. In light of this court's disposition as

to the first assignment of error, we must find appellant's second assignment of error not well taken.

On consideration whereof, this court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Probate Division, is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Costs assessed against appellee.

*Judgment reversed*
*and cause remanded.*

CONNORS and GLASSER, JJ., concur.