DECISION AND JOURNAL ENTRY
Appellant Nora Modie appeals from the judgment of the Summit County Court of Common Pleas, Probate Division. We affirm.
 I. A. Factual Background
This appeal concerns the disposition of certain assets of Eleanor Zofchak, deceased. Eleanor and her husband, John, had four children: a son, Dennis, who died in 1972, and three daughters, Sandra Borelli, appellant Nora Modie, and appellee Deborah Andrews. John Zofchak died in 1993.
Prior to August 1995, Eleanor Zofchak was the sole owner of property located on South Arlington Road in Uniontown, Ohio, which consisted of her home and approximately ten acres of land ("the Arlington Road property"). Zofchak also had a certificate of deposit and a savings account (money market account); Modie and Andrews were also signatories on these accounts.
In August 1995, Zofchak suffered a major heart attack. During a quadruple bypass surgery, Zofchak suffered a stroke. As a result of these problems, further medical complications arose which required Zofchak to have constant medical attention. Zofchak's doctor recommended that Zofchak be placed in a nursing home, and Borelli and Modie concurred. However, Andrews insisted that Zofchak be returned home. In the end, Zofchak returned to her home on November 24, 1995, and Andrews and her daughter, Stacy, moved in to provide Zofchak with the medical care required.
During this time, Zofchak was mostly bedridden, with little mobility. She had several medical problems that needed attention daily. Andrews would perform these functions and also hired a nursing service to assist her in caring for Zofchak. Andrews also maintained Zofchak's finances, writing checks on Zofchak's checking account to pay bills.
On January 15, 1996, Andrews withdrew $15,000 from Zofchak's savings account and transferred the funds into an account solely under her (Andrews') name. Andrews maintained that Zofchak had given her that money as a gift. The withdrawal slip was signed by Andrews.
On February 2, 1996, Zofchak was admitted to the Edwin Shaw Hospital in Akron, Ohio, for help with physical therapy and other rehabilitation. A series of psychological tests were administered that indicated that Zofchak was experiencing confusion and problems with her memory, orientation, and problem solving, consistent with dementia. Zofchak also received some help with physical therapy. She was discharged on March 8, 1996.
On February 22, 1996, while Zofchak was still in Edwin Shaw Hospital, a conference was held with regard to Zofchak's progress. According to the records of Edwin Shaw Hospital, Zofchak, Andrews, and Modie were present, as well as members of the hospital staff. Modie maintains that at that time, Zofchak's dementia and other problems were discussed. On that same date, Andrews redeemed the certificate of deposit and closed out the savings account. Andrews contends that this was done at Zofchak's direction and that the funds therein were a gift to Andrews.
In March or April of 1996, Zofchak discussed a modification of her will and ownership of the Arlington Road property with Andrews. In response, Andrews contacted an attorney, Mark Cavanaugh, who had represented her in a divorce action. Andrews called Cavanaugh's office and spoke with his legal assistant, Barbara Ochs, who was an acquaintance of Andrews. Andrews informed Ochs that Zofchak wanted to change her will and then handed the telephone to Zofchak, who told Ochs what she wanted done. Ochs then relayed this information to Cavanaugh.
On April 12, 1996, Cavanaugh and Ochs went to Zofchak's house to meet with her. Cavanaugh then read to Zofchak the provisions of the will that had been drafted and a joint and survivorship deed on the Arlington Road property.[1] Cavanaugh asked at several intervals if the language contained in those documents reflected her wishes, and Zofchak responded affirmatively. Zofchak then signed the will and the deed, and Cavanaugh and Ochs signed as witnesses. A second will, signed by Zofchak and witnessed by Cavanaugh and Ochs on May 16, 1996, revoked the first will. The second will contained nearly identical terms as the first will, but also included a "no contest" clause.
On June 27, 1996, Zofchak died at the age of 72. Andrews was the executrix of the estate.
 Procedural History
On December 4, 1996, Modie filed a complaint in the Summit County Court of Common Pleas, Probate Division, against Andrews in her individual capacity. Modie alleged that (1) the joint and survivorship deed was the product of undue influence and that Zofchak was not competent to execute the deed; (2) Andrews wrongfully converted the funds that were in the certificate of deposit and the savings account; and (3) Andrews undertook actions under a power of attorney, executed by Zofchak, that was a product of undue influence and was executed at a time when Zofchak was not competent to do so. The complaint sought to (1) have the Arlington Road property declared to be an asset of Zofchak's estate and void the joint and survivorship deed; (2) require Andrews to make an accounting for the funds from the certificate of deposit and the savings account; and (3) void all actions undertaken by Andrews while acting under the power of attorney executed by Zofchak.[2]
A hearing was held before a magistrate on July 21-23, 1998. A magistrate's decision was issued on September 2, 1998. In the decision, the magistrate found that the transactions at issue were valid inter vivos gifts, Zofchak was competent to make the gifts at issue, and no undue influence was exerted by Andrews. Modie filed objections to the magistrate's decision, and Andrews responded in opposition to the objections. On March 18, 1998, the trial court overruled the objections and adopted the magistrate's decision. This appeal followed.
 II.
Modie asserts six assignments of error for our review. We will consider each in due course.
Standard of Review
We initially note our standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey
(May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id.
An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 Evidentiary Issues
Fifth Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY PERMITTING THE DEFENDANT TO TESTIFY TO HEARSAY STATEMENTS OF THE DECEDENT.
In the fifth assignment of error, Modie argues that the trial court erred by allowing hearsay testimony from Andrews to stand. During the course of Andrews' testimony, she recited statements from Zofchak as to what her (Zofchak's) wishes were. Modie objected to this testimony on various occasions, and the magistrate overruled the objections. Modie contends that the trial court erred by not correcting this alleged error by the magistrate. Modie's argument is not well taken.
While hearsay testimony is generally not admissible, certain exceptions apply. One such exception is under Evid.R. 803(3), which allows the admission of out-of-court statements by a declarant regarding "the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed[.]"
We conclude that the trial court did not abuse its discretion by not sustaining Modie's objections as to hearsay evidence.[3] The statements at issue were those of Zofchak concerning her intention to give Andrews the funds in the certificate of deposit and the savings account and the Arlington Road property. This testimony falls squarely within the exception found in Evid.R. 803(3).
We cannot say that the trial court acted with partiality, prejudice, perversity of will, or the like in overruling Modie's evidentiary objections. Accordingly, the fifth assignment of error is overruled.
 C. Weight of the Evidence
First Assignment of Error
 THE TRIAL COURT'S DECISION THAT VALID INTER VIVOS GIFTS WERE EFFECTED BY THE DECEDENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
In her first assignment of error, Modie contends that the magistrate's decision was against the manifest weight of the evidence and that, as a result, the trial court abused its discretion by adopting the magistrate's decision. Modie attacks the findings that the Arlington Road property and the funds in the certificate of deposit and the savings account were valid inter vivos gifts from Zofchak to Andrews.[4]
Modie also asserts that these transfers were the result of undue influence on the part of Andrews. We disagree.
A valid inter vivos gift requires that the donor (1) intends to make a gift of the property immediately, (2) effects a delivery of the property, and (3) relinquishes all control and dominion over the property. Streeper v. Myers (1937), 132 Ohio St. 322, paragraph one of the syllabus. "The burden of showing that aninter vivos gift was made is on the donee by clear and convincing evidence." Smith v. Shafer (1993), 89 Ohio App.3d 181, 183.
Modie has alleged undue influence as a reason to invalidate the transfers. "The elements of undue influence include the following: (1) a susceptible party; (2) another's opportunity to exert influence; (3) the fact of improper influence exerted or attempted; and (4) the result showing the effect of such improper influence." Lah v. Rogers (1998), 125 Ohio App.3d 164, 171. "In determining whether a particular influence brought to bear upon a [donor] was `undue,' the focus is whether the influence was reasonable, given all the prevailing facts and circumstances."Krischbaum v. Dillon (1991), 58 Ohio St.3d 58, 68.
"Where a fiduciary or confidential relationship exists between the donor and the donee, the transfer is regarded with suspicion that the donee may have brought undue influence to bear upon the donor." Smith, 89 Ohio App.3d at 183. In such a case, a presumption of undue influence arises, and the donee bears the burden going forward and showing, by a preponderance of the evidence, that the gift was free from undue influence.Studniewski v. Krzyzanowski (1989), 65 Ohio App.3d 628, 632. Once the donee makes such a showing, the burden of ultimately demonstrating undue influence, by clear and convincing evidence, must be met by the party challenging the gift. Id.
Modie also contends that Zofchak lacked the capacity to effect the transfers as inter vivos gifts. "[T]he test to be used to determine mental capacity is the ability of the [donor] to understand the nature, scope and the extent of the business she is about to transact." Testa v. Roberts (1988), 44 Ohio App.3d 161,164; accord Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 658
("The proper test for mental competency * * * is whether the person claimed to be incompetent understood the nature of the transaction and the effects of his or her own actions."). The burden is upon the party claiming incompetence to prove the matter by clear and convincing evidence. McCluskey v. Burroughs (1982), 4 Ohio App.3d 182,182.
In the case at bar, Modie has challenged the validity of the transfers of the Arlington Road property and the funds in the certificate of deposit and savings account. Thus, Andrews first must have demonstrated by clear and convincing evidence that the transfers were valid inter vivos gifts by clear and convincing evidence. Neither party disputes that Andrews had a fiduciary relationship with Zofchak, and Modie has alleged undue influence. Therefore, a presumption of undue influence arose, and Andrews was required to rebut the presumption by a preponderance of the evidence. If Andrews successfully rebutted the presumption, Modie was required to ultimately prove undue influence by clear and convincing evidence. Modie was also required to prove Zofchak's lack of capacity to make each transaction by clear and convincing evidence.
In her case in chief, Modie presented her own testimony and the testimony of a psychologist from the Edwin Shaw Hospital, a doctor who was a specialist in geriatrics, a nephew of Zofchak, and Zofchak's brother. The psychologist testified that she had some interaction with Zofchak during her stay at Edwin Shaw Hospital in 1996 and that Zofchak suffered from dementia, short-term memory loss, and confusion. The geriatrics doctor never personally interacted with Zofchak but instead reviewed Zofchak's records from Edwin Shaw Hospital and responded to hypothetical questions regarding Zofchak's condition. Both the psychologist and the doctor gave an opinion that Zofchak was incapable of making a gift, but both conceded that a person in Zofchak's condition is capable of having lucid moments.
Andrews presented her own testimony and that of several other people who had interactions with Zofchak. Andrews testified that Zofchak told her that she wanted Andrews to have the funds in the certificate of deposit and the savings account, and that Zofchak had repeated those intentions to Modie and Borelli (the third sister). Andrews also testified that Zofchak wanted the Arlington Road property to go to Andrews and her daughter, because both Modie and Borelli had homes and husbands to care for them, while Andrews and her daughter did not.
Andrews also presented the testimony of Margaret Lee, a respite care worker who helped with Zofchak's care once a week beginning in April 1996. Lee testified that she talked at length with Zofchak on several matters, including Zofchak's properties in Florida and Canada. Lee stated that Zofchak had told her that she (Zofchak) wanted the Arlington Road property to be given to Andrews because Andrews' daughter needed a home. Based on her interaction with Zofchak, Lee opined that Zofchak understood what she was saying and doing.
Other witnesses testified with regard to their interactions with Zofchak and their involvement in the property transfers at issue. Cavanaugh and Ochs testified about their interactions with Zofchak in the preparation and execution of the two wills and the survivorship deed for the Arlington Road property. Both stated that Zofchak appeared to be capable of understanding what she was doing with the Arlington Road property. The bank officer who closed the certificate of deposit and the savings account testified that she spoke with Zofchak on the phone regarding the accounts and that Zofchak confirmed that the accounts were to be closed. In the testimony, the bank officer also stated that Andrews, who was a cosigner on the accounts, had come in and asked that the certificate of deposit be redeemed. When told that there would be a penalty for the premature withdrawal of the funds, Andrews left to ask Zofchak if she still wanted the certificate of deposit redeemed. This testimony mirrored earlier testimony by Andrews about telling Zofchak of the early withdrawal penalty and that Zofchak still insisted that the certificate of deposit be redeemed.
In reviewing the trial court's actions, we are mindful that, as the trier of fact, the magistrate was "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Giurbino,89 Ohio App.3d at 659. Thus, we cannot say that the trial court abused its discretion by adopting the magistrate's decision. There was clear and convincing evidence that Zofchak made valid inter vivos gifts to Andrews of the account funds and the Arlington Road property. The testimony of the witnesses who interacted with Zofchak on those occasions supported such a finding.
Further, Andrews overcame the presumption of undue influence. Modie did not then prove undue influence by clear and convincing evidence. While there was evidence that Zofchak was susceptible to influence and Andrews had an opportunity to exercise influence, there was no evidence that improper influence was in fact exerted by Andrews. The magistrate's finding to that effect was fully supported by the evidence.
We also conclude that Modie did not prove Zofchak's lack of capacity by clear and convincing evidence. Andrews presented several witnesses who interacted with Zofchak and who stated that she appeared capable of understanding the business that was being transacted on those occasions. There was also testimony that Zofchak was strong-willed and that she resented and resisted the tests that were performed at Edwin Shaw Hospital, which may have affected the results of those tests.
In sum, the magistrate's decision was supported by the evidence. Therefore, the trial court did not abuse its discretion by adopting the magistrate's decision. The first assignment of error is overruled.
 D. Application of Burdens
Second Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY PLACING THE BURDEN OF PROVING UNDUE INFLUENCE ON THE APPELLANT.
Fourth Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO APPLY THE CORRECT PRESUMPTION WITH REGARD TO THE VALIDITY OF THE SURVIVORSHIP DEED.
Modie's second and fourth assignments of error deal with the parties' respective burdens in the hearing before the magistrate. Modie contends that the magistrate applied the incorrect burdens. We disagree.
The correct burdens on the parties were discussed in the first assignment of error. The magistrate's decision reflects that the magistrate applied the correct burdens to the parties and that the evidence supported the magistrate's factual determinations. We discern no error. The second and fourth assignments of error are overruled.
Third Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO APPLY THE CORRECT PRESUMPTION WITH REGARD TO JOINT AND SURVIVORSHIP ACCOUNTS.
For her third assignment of error, Modie argues that the incorrect presumption was applied to the certificate of deposit and the savings account. Modie asserts that those accounts were joint and survivorship accounts between herself, Andrews, and Zofchak, and that Andrews was not entitled to those funds under that presumption. This contention is without merit.
Throughout the case at bar, Modie has asserted that the accounts were joint and survivorship accounts. However, she has not pointed to any evidence that the accounts were in fact joint and survivorship in nature. After searching the record, including all testimony and exhibits, we are unable to find any evidence that the accounts were anything more than simple joint accounts. Accordingly, the third assignment of error is overruled.
Sixth Assignment of Error
 THE TRIAL COURT ERRED IN FAILING TO FIND A PRESUMPTION OF UNDUE INFLUENCE ARISING FROM ATTORNEY CAVANAUGH'S, [sic] PROFESSIONAL CONFLICT OF INTEREST ACTING AS BOTH THE ATTORNEY FOR THE GRANTOR AND THE ATTORNEY FOR THE GRANTEE OF THE DEED.
In her sixth and final assignment of error, Modie contends that the trial court erred by adopting the magistrate's decision when no presumption of undue influence was imposed for the involvement of Cavanaugh. On cross-examination, Cavanaugh testified that he may have prepared a will for Andrews at about the same time that he prepared the first will and the survivorship deed for Zofchak. Modie contends that this conflict of interest on the part of Cavanaugh should have merited a presumption of undue influence. This argument is not well taken.
As we noted above, there was already a presumption of undue influence at work. That presumption was rebuttable, and Andrews did in fact rebut the presumption. The imposition of another presumption would be superfluous. Also, Modie has not argued that her proposed presumption would not be rebuttable. Cf.Krischbaum, 58 Ohio St.3d at paragraph one of the syllabus (while there is a presumption of undue influence where an attorney actively participates in the preparation of a will in which the attorney is named a beneficiary, that presumption may be rebutted by a preponderance of the evidence). We conclude that an additional presumption of undue influence was not warranted in the case at bar.[5] Modie's sixth assignment of error is overruled.
 III.
Modie's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT WHITMORE, J.
 CONCURS
CARR, P.J.
 DISSENTS
[1] The deed transferred the Arlington Road property from Zofchak solely to Zofchak and Andrews, jointly, with the remainder to the survivor.
[2] No such actions are at issue in this appeal.
[3] We note that, in her brief, Modie has failed to specifically identify what testimony should not have been admitted. Instead, she has only stated that certain testimony of "the Appellee [Andrews] and other witnesses" was inadmissible hearsay. This court is not required to ferret out vague references to objectionable testimony. App.R. 16(A)(7). Nevertheless, we will address those portions of Andrews' testimony where a timely objection based on hearsay was entered on the record.
[4] Modie also seeks to void the inter vivos transfer of two vehicles from Zofchak to Andrews. However, Modie did not request such relief in her complaint, and no motion to amend her complaint appears in the record. Therefore, we will not address that issue.
[5] See, also, Federman v. Stanwyck (1951), 63 Ohio Law Abs. 178, 182 (Doyle, J., of the Ninth District Court of Appeals, sitting in the Eighth District Court of Appeals):
 The appellant urges this court to apply the so-called rule of "independent advice." There are cases in other states which lay down a rule to the effect that, in order to rebut the presumption of undue influence arising from the fact that the parties to a gift of property stood in a confidential or fiduciary relation, it is necessary to show that the one reposing confidence acted upon independent advice.
 Such a rule has never been adopted in this state, and this court does not believe that such a rule should now be declared.
 We adopt the general rule to the effect that, in cases where it is claimed that confidence has been abused, or the transaction was unfair and was the result of undue influence which is inferred from the relationship of the parties, the existence or nonexistence of independent advice should be considered as evidence bearing upon these questions.