OPINION
Defendant-appellant James Beebe appeals the May 18, 2000 Judgment Entry of the Stark County Court of Common Pleas, Probate Division, which determined gifts made by appellant via a power of attorney executed by his father, Gale Beebe, were void, and which granted judgment in favor of appellee Family Services, Inc. in the amount of $40,146.27, representing the monies gifted.
 STATEMENT OF THE FACTS AND CASE
On March 30, 1999, Gale Beebe executed a power of attorney, appointing appellant as his attorney-in-fact. On that same day, Gale Beebe revoked the power of attorney he had previously granted to his daughter, Judy L. Hallas. Judy Hallas filed an Application for Appointment of Guardian of Alleged Incompetent for Gale Beebe in Probate Case No. 172524 on April 19, 1999. Included with the application were a medical evaluation by David L. Schumaker, M.D., dated April 14, 1999, and a statement of expert evaluation by Kenneth J. Biros, D.O., dated March 24, 1999. On April 27, 1999, appellant filed an Application for Appointment of Guardian of Alleged Incompetent for Gale Beebe in Probate Case No. 172524. On or before April 30, 1999, Gale Beebe owned four certificates of deposit in Charter One Bank, to wit: Certificate No. 1213039478 in the approximate amount of $19,556.02; Certificate No. 1213042797 in the approximate amount of $15,260.40; Certificate No. 1213043629 in the approximate amount of $5,769.71; and Certificate No. 1213052210 in the approximate amount of $9,560.14. Certificate Nos. 1213052210 and 1213039478 were closed on April 30, 1999. Appellant, in his capacity as Gale Beebe's power of attorney, signed the withdrawal slips for both certificates. As a result of early withdrawal, penalties of approximately $700 were assessed. Official bank checks were issued payable to appellant. On May 1, 1999, Certificate Nos. 1213043629 and 1213042797 were closed. Appellant also signed these withdrawal slips in his capacity as Gale Beebe's power of attorney. The official check for Certificate No. 1213043629 was issued payable to Gale Beebe. According to appellant, he received all of the monies from Gale Beebe and gifted $10,000/each to his two daughters and his son at the direction of Gale Beebe. Appellant placed the remaining monies totaling approximately $20,000 in cash in a safe deposit box. On May 5, 1999, the probate court ordered appellant not to alter Gale Beebe's investments or otherwise transfer any of his assets. The probate court declared Gale Beebe incompetent and appointed appellee as the guardian of his estate on August 3, 1999. Appellee filed the underlying complaint pursuant to R.C. 2109.50 on September 10, 1999. Appellant filed a timely answer on October 21, 1999. The trial court conducted an evidentiary hearing on the matter on May 11, 2000. Via Judgment Entry filed May 18, 2000, the probate court found the power of attorney executed by Gale Beebe to appellant did not include a provision which authorized appellant to make gifts to anyone. The trial court determined the gifts made by appellant to his children were void because appellant failed to establish by clear and convincing evidence that such were inter vivos gifts. The trial court granted judgment in favor of appellee in the amount of $40,146.27 plus interest. It is from this judgment entry appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE GIFTS GIVEN BY GALE BEEBE THROUGH HIS AGENT JAMES BEEBE WERE VOID AND OF NO EFFECT, AND SUCH FINDING IS BOTH CONTRARY TO LAW, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Herein, appellant asserts the trial court erred in finding the gifts given by Gale Beebe through appellant in his capacity as Gale Beebe's power of attorney were void and of no effect because such finding was contrary to law and against the manifest weight of the evidence. Specifically, appellant challenges the trial court's requiring him to bear the burden of establishing by clear and convincing evidence inter vivos gifts were made. In the instant action, the probate court found: The power of attorney in effect in this case had no provisions authorizing the attorney in fact to make gifts to anyone. The gifts made by James Beebe to his two daughters and son totaling approximately $30,000 are void, unless the donee could show by clear and convincing evidence that an inter vivos gift was made. The defendant's testimony failed to support his burden. When a person is in a fiduciary relationship, there is a presumption that any transfer of the principal's assets by an attorney in fact that is not for the benefit of the principal is invalid and the burden is upon the donee to establish the validity of the transfer.
May 18, 2000 Judgment Entry at 4, emphasis added.
Traditionally, the burden of establishing a gift has been made is on the donee by clear and convincing evidence. In re: Estate of Fife (1956), 164 Ohio St. 449, 456. In In re: Guardianship of Blumetti, (Jan. 14, 1994), Trumbull App. No. 92-T-4752, unreported, the Eleventh District Court of Appeals explained, in cases in which family members are also in a fiduciary relationship, the family gift presumption, a presumption that the conveyance was intended as a gift, yields to the more specific presumption of undue influence which arises in fiduciary relationships. Id. at *3, citing, Johnson v. Johnson (Aug. 1, 1984), Clark App. No. 1914, unreported. "Where a confidential or fiduciary relationship exists between a donor and donee, the transfer is looked upon with some suspicion that undue influence may have been brought to bear on the donor by the donee." Studniewski v. Krzyanowski (1989), 65 Ohio App.3d 628,632. In such cases, a presumption of undue influence arises and the burden of going forward with evidence shifts to the donee to show his conduct was free of undue influence or fraud, and the donor acted voluntarily and with a full understanding of his act and its consequences. In re: Estate of Svab (1966), 8 Ohio App.2d 80, 90, affirmed (1967), 11 Ohio St.2d 182. The donee may rebut the presumption of undue influence by a preponderance of the evidence. Krizschbaum v. Dillon (1991), 58 Ohio St.3d 58. It is apparent from the language in the judgment entry the trial court held appellant to the burden of proof traditionally born by a donee to establish an item conveyed was a gift, i.e., clear and convincing evidence. We find the trial court erred in doing so. The parties do not dispute the existence of a fiduciary relationship between appellant and his father. Accordingly, a presumption of undue influence arose as to all of the assets appellant alleges were conveyed as gifts. Appellant was required to rebut this presumption by a preponderance of the evidence. If the trial court found appellant presented sufficient evidence to overcome this presumption, the trial court should then have determined whether appellee, not appellant, presented clear and convincing evidence to rebut the family gift presumption. Because the trial court failed to apply the appropriate presumptions and burdens for overcoming those presumptions, we reverse the trial court's decision and remand the matter to the trial court. Appellant's sole assignment of error is sustained. The judgment entry of the Stark County Court of Common Pleas, Probate Division, is reversed and the matter remanded for a determination of whether appellant presented sufficient evidence to rebut the presumption of undue influence by a preponderance of the evidence and, if so determined, whether appellee presented clear and convincing evidence to rebut the family gift presumption.
Hoffman, P.J. Edwards, J. and Reader, V.J. concur