[Cite as *Allen v. Davis*, 2026-Ohio-1064.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LINDA ALLEN, Executor of the Estate of Pauline Gasparac, Deceased | Case No. 2025 CA 0048 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County Court of Common Pleas, Probate Division, Case No. 20241110A |
| DARLENE GASPARAC DAVIS, et al., | Judgment: Affirmed |
| Defendants - Appellants | Date of Judgment Entry: March 25, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MICHAEL L. INSCORE, for Plaintiff-Appellee; ROBERT GOLDBERGER, for Defendant-Appellant Darlene Gasparac Davis.

*Baldwin, P.J.*

{¶1} Appellant Darlene Gasparac Davis[1] appeals the decision of the Richland County Probate Court which, following a bench trial, found that she had exerted undue influence over decedent Pauline Gasparac resulting in Pauline's execution of a transfer on death designation affidavit (TOD) naming the appellant as sole beneficiary of the TOD, and, further, that Pauline lacked the capacity to execute the TOD.[2] Appellee is Linda

---

[1] Defendant Edward Davis (aka Edwin Davis) was personally served by the Richland County Sheriff. He did not file an answer, nor did he appear at trial, and he is not a party to this appeal.

[2] The trial court addressed not only the validity of the TOD, but also claims of concealment of assets and/or embezzlement of money and personal property, conversion, and an award of attorney fees. The appellant's assignment of error and appellate briefing, however, address only the transfer on death designation affidavit portion of the trial court's decision. Accordingly, we address only the TOD issue.

Allen, Executor of the Estate of Pauline Gasparac, Deceased. For the reasons that follow, we affirm the decision of the trial court.

## STATEMENT OF FACTS AND THE CASE

{¶2} Pauline (DOB: 5/16/30) and Claude (DOB: 1/21/29) Gasparac were married with six children: the appellee; Sandra Barnett; Ronald Gasparac; Charles Gasparac, deceased; Joanne Dodds, deceased; and, the appellant. The Gasparacs were not well educated; indeed, Pauline did not attend school beyond seventh grade, never obtained a driver's license nor learned to drive an automobile, and depended upon Claude for transportation.

{¶3} Pauline and Claude purchased a home with acreage in Shelby, Ohio in 1999, which was held jointly with a right of survivorship. They executed reciprocal wills on November 11, 2002, naming the appellee, Sandra, Ron, Joanne, and the appellant as equal contingent beneficiaries of the all the property in the estate. The appellee was named contingent executor.

{¶4} On April 20, 2020, Claude fell and broke his hip, requiring hospitalization and rehabilitative care. Following his hospitalization and recovery, Claude returned home in May of 2020, needing care 24 hours per day 7 days per week. The appellant cared for Claude daily with the help of hospice from May of 2020 through March or April of 2021. The appellant thereafter arranged for home health aides to assist in providing care. The appellant was Claude's sole caregiver on a daily basis, and had sole control of hiring and paying for the home health aides who assisted in providing said care. In addition, she also cared for Pauline, and drove the Gasparacs to manage errands such as banking and other appointments.

{¶5}   Claude died on November 20, 2022. Immediately following Claude's death, the appellant changed the locks on the Gasparac's home and disconnected the landline telephone, effectively isolating Pauline from family and friends and/or controlling who had access to Pauline. On November 23, 2022, the appellant contacted Attorney James Blunt to assist with the transfer of the Gasparac's property to Pauline pursuant to the survivorship deed. In addition, Attorney Blunt was asked to prepare a Transfer on Death Designation Affidavit (TOD) for Pauline's signature naming the appellant as the sole beneficiary of her parents' real property. Attorney Blunt had not met with Pauline or talked with her about the TOD prior to going to her home on December 2, 2022, at which time Pauline executed the TOD in the presence of Blunt and his legal assistant.

{¶6}   Pauline died on February 13, 2024. The appellant telephoned Attorney Blunt that same day requesting he prepare an affidavit of death so that the deed to Pauline's real property could be transferred to the appellant. The affidavit of death was signed by the appellant on February 21, 2024, and recorded on February 23, 2024. Pauline's death certificate was attached to the affidavit of death, which listed her cause of death as "Alzheimer's."

{¶7}   On May 2, 2024, the appellee filed a complaint against the appellant alleging undue influence exerted by the appellant over Pauline inducing her to sign the TOD, and concealment and/or embezzlement of money and personal property. The appellee later filed an amended complaint alleging conversion. The appellant filed an answer, and the parties engaged in pretrial motions. The matter proceeded to a bench trial March 4 through March 7, 2025. In addition to evidence of the above-referenced facts, the parties stipulated to the admission of medical records from Pauline's primary care physician, Dr. Demers. Dr. Demers' records reflected that Pauline was in the

advanced stages of dementia. Records from March 8, 2022, noted that Pauline's daughter (the appellant) reported that Pauline was very confused. In addition, the March 8, 2022, records noted that Pauline's "thought process and cognitive function was impaired, reading and writing comprehension was impaired, abstract reasoning was impaired, concentration impaired, short-term memory was impaired and she was unaware of current events." Dr. Demers diagnosed Pauline with dementia and Alzheimer's disease, and referred her for hospice care.

{¶8} In addition, evidence from the stipulated records from hospice care provider was presented during trial, and established that the hospice nurse noted on March 17, 2022, that the appellant reported "cognitively [Pauline] is declining rapidly." Said records further indicated that Pauline "was unable to name all of her children," and was "not able to tell [the nurse] the year or date or day of the week." In addition, said records indicated that on March 21, 2022, the hospice nurse reported that Pauline asked several times when her husband was coming home even though the nurse had repeatedly provided said information. Further, said records indicated that on May 25, 2022, the hospice nurse observed Pauline having difficulty getting words out and tracking conversations, and that Pauline needed extensive assistance with activities of daily living. Finally, said records indicated that on October 31, 2022, the hospice chaplain noted Pauline said very few words and seemed confused as to what was going on; and, on November 8, 2022, the chaplain visited Pauline and noted that "she did not speak much and was confused throughout the visit."

{¶9} The trial court issued a judgment entry following the bench trial in which it found for the appellee. The appellant filed a timely appeal in which she sets forth the following sole assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED IN FINDING THAT THE TRANSFER ON DEATH AFFIDAVIT WAS INVALID DUE TO UNDUE INFLUENCE AND MENTAL CAPACITY CLAIMS."

## STANDARD OF REVIEW

**{¶11}** The trial court conducted a bench trial in this case. We are not finders of fact. "[W]e neither weigh the evidence nor judge the credibility of witnesses." *Estate of DeChellis v. DeChellis*, 2019-Ohio-3078, ¶50 (5th Dist.). Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base its judgment. *Cross Truck Equip., Co. v. Joseph A. Jeffries, Co.*, 1982 Ohio App. LEXIS 15233, *4 (5th Dist. Feb. 10, 1982).

## ANALYSIS

**{¶12}** This Court has held that ". . . undue influence is presumed if the challenging party establishes a fiduciary or confidential relationship existed between the decedent and a beneficiary. See, e.g., *Kiefer v. Kiefer* (*In re Estate of Kiefer*), 2017-Ohio-6997, 95 N.E.3d 687, ¶ 8; *Diamond v. Creager*, 2nd Dist. Montgomery No. 18819, 2002-Ohio-916, 2002 WL 313137, at *3-*4 (Mar. 1, 2002). Where such a relationship exists, '"the transfer is looked upon with some suspicion that undue influence may have been brought to bear on the donor by the donee.'" *Bayes v. Dornon*, 2015-Ohio-3053, 37 N.E.3d 181, ¶ 48 (2d Dist.), quoting *Studniewski v. Krzyzanowski*, 65 Ohio App.3d 628, 632, 584 N.E.2d 1297 (6th Dist.1989)." *Foelsch v. Farson*, 2020-Ohio-1259, ¶ 17 (5th Dist.). In the case sub judice, the evidence establishes that the appellant had a confidential relationship with Pauline. From the time Claude returned home from his hip hospitalization and recovery the appellant was the sole caregiver to both Claude and Pauline. She was alone with them as their sole caregiver beginning in May of 2020, hired outside caregivers in her sole

discretion and paid for said caregivers with cash from Claude and Pauline's savings. After Claude's death the appellant changed the locks on the Gasparac home and cancelled the landline, isolating Pauline from family and friends and placing herself in complete and utter control over Pauline. The evidence supports a presumption of undue influence which the appellant failed to rebut.

{¶13} Furthermore, the evidence herein establishes undue influence despite the presumption. This Court addressed the issue of undue influence in the case of *Zara v. Gordon (In re Estate of Gordon)*, 2014-Ohio-2133 (5th Dist.):

> . . . A finding of undue influence requires the following: (1) the influenced individual is/was susceptible, (2) another's opportunity to exert undue influence, (3) the fact of improper influence exerted or attempted, and (4) a result showing the effect of such influence. *Redman v. Watch Tower Bible & Tract Soc. of Pennsylvania*, 69 Ohio St.3d 98, 1994 Ohio 514, 630 N.E.2d 676 (1994). Further, "the mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must actually be exerted on the mind of the testator * * * [i]t must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith." *West v. Henry*, 173 Ohio St. 498, 501, 184 N.E. 2d 200 (1962).

*Id*. at ¶ 36.

{¶14} Although the *Zara* Court determined that the defendants had not exerted undue influence upon the decedent, the evidence in this case establishes the necessary elements. First, Pauline was approximately 92 years old when she executed the TOD and,

as evidenced by the records of her primary care physician and the hospice staff, she suffered from advanced dementia and/or Alzheimer's disease. The medical records, to which the parties stipulated, evidenced the fact that Pauline's thought processes and cognitive function were impaired, her reading and writing comprehension were impaired, her abstract reasoning was impaired, her concentration was impaired, her short-term memory was impaired, and she was unaware of current events. In addition, the hospice records, to which the parties stipulated, evidenced the fact that: (1) on March 17, 2022, the appellant reported to the hospice nurse that cognitively Pauline was declining rapidly; Pauline was unable to name all of her children, and she was not able to tell the nurse the year or date or day of the week; (2) on May 25, 2022, the hospice nurse observed Pauline having difficulty getting words out and tracking conversations; and, observed that Pauline needed extensive assistance with activities of daily living; (3) on October 31, 2022, the hospice chaplain noted Pauline said very few words and seemed confused as to what was going on; and, (4) on November 8, 2022, the chaplain visited Pauline and noted that she did not speak much and was confused throughout the visit. The evidence establishes that Pauline was susceptible when she signed the TOD on December 2, 2022.

{¶15} Second, the appellant effectively isolated Pauline from family members, and established herself as the sole caregiver, driving Pauline to doctor appointments, to the bank, and establishing herself as the sole party to arrange, supervise, and pay for home health aides.

{¶16} Third, the fact that improper influence was exerted is evidenced by the fact that Pauline executed a TOD without first meeting with Attorney Blunt, or even discussing the TOD with him; and, signing the TOD several months after having been diagnosed with dementia and Alzheimer's disease.

**{¶17}** Fourth, the appellant's filing of an affidavit of death to effectuate the TOD just days after Pauline's death establishes the "result showing the effect of such influence" element. Our review of the record establishes that sufficient evidence exists to support the trial court's determination that the appellant exerted undue influence over the decedent, Pauline Gasparac.

**{¶18}** Finally, the record also contains sufficient evidence that Pauline lacked the mental capacity to execute the TOD on December 2, 2022. As set forth by our brethren at the Second District Court of Appeals in Stanek v. Stanek, 2019-Ohio-2841 (2nd Dist.):

"A testator has capacity to make a will when he has sufficient mind and memory (1) to understand the nature of the business in which he is engaged, (2) to comprehend generally the nature and extent of his property, (3) to hold in his mind the names and identities of those who had natural claims upon his bounty, and (4) to be able to appreciate his relation to members of his [**19] family." *In re Estate of Worstell*, 2d Dist. Montgomery No. 19133, 2002-Ohio-5385, ¶ 17, citing *Niemes v. Niemes*, 97 Ohio St. 145, 119 N.E. 503 (1917).

"Whether a testator was competent to make a will is not subject to direct proof; competence must be proved inferentially from other evidence." *Worstell* at ¶ 62. "Evidence of the testator's mental and physical condition, both at the time the will is executed and within a reasonable time before and after its execution, is admissible as casting light on testamentary capacity." *Sigler v. Burk*, 3d Dist. Crawford No. 3-16-19, 2017-Ohio-5486, ¶ 7, citing *Kennedy v. Walcutt*, 118 Ohio St. 442, 6 Ohio Law Abs. 206, 161 N.E. 336 (1928), paragraph two of the syllabus, overruled on other grounds,

*Krischbaum*, 58 Ohio St.3d 58, 567 N.E.2d 1291. Accord *Worstell* at ¶ 46 ("it is the mental condition of the testator at the time of making a will that determines his testamentary capacity").

Furthermore, while changing a beneficiary designation is a contractual act, courts have held that "the test of testamentary capacity can also be used as a standard for mental capacity to execute a beneficiary designation." *In re Estate of Flowers*, 2017-Ohio-1310, 88 N.E.3d 599, ¶ 84 (6th Dist.), citing *Schiavoni v. Roy*, 9th Dist. Medina No. 11CA0108-M, 2012-Ohio-4435, ¶ 17, and *Rogers v. Frayer*, 11th Dist. Geauga No. 94-G-1854, 1995 Ohio App. LEXIS 2677, 1995 WL 408196, *4 (June 16, 1995).

*Id*. at ¶¶ 36-38. In this case, our review of the record establishes that there was sufficient evidence, outlined above, upon which the trial court could determine that Pauline lacked the capacity to execute the TOD.

**{¶19}** The appellant argues that the trial court failed to consider and/or accept the testimony of Ruth Howell, the admission of Ronald Gasparac, and the testimony of Attorney Blunt and his legal assistant. This argument must fail, as this Court has consistently found that the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. Furthermore, "[t]he trier of fact 'has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.' *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159." *State v. Schoeneman*, 2017-Ohio-7472, ¶ 23 (5th Dist.). Thus, the fact that the trial court was unpersuaded by the testimony of Ms. Howell, Ronald Gasparac, Attorney Blunt or his legal assistant does not establish a basis upon which to overturn the court's decision.

{¶20} Based upon our review of the record, we find that there is relevant, competent, and credible evidence upon which the trial court could base its determination that the appellant exerted undue influence upon Pauline such that the appellant became the sole beneficiary of the Gasparacs' residence. Further, we find that there is relevant, competent, and credible evidence upon which the trial court could base its determination that the appellant lacked the mental capacity to execute the TOD on December 2, 2022. Accordingly, we find the appellant's sole assignment of error to be without merit.

## CONCLUSION

{¶21} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the judgment of the Richland County Court of Common Pleas, Probate Division is hereby affirmed.

{¶22} Costs to appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.