OPINION
{¶ 1} Plaintiff-appellant, George R. Sain ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, entered following a jury trial in this civil case. The relevant factual and procedural history follows. *Page 2 
 {¶ 2} Appellant is an attorney who instituted this action in the Franklin County Court of Common Pleas on September 7, 2004.[1]
Appellant's complaint asserted claims against Dorothy M. Haas ("Haas"), and her daughter, defendant-appellee, Jo Anne Dominey ("Dominey"). Haas passed away during the pendency of this action, and her estate was substituted as a defendant. Dominey is the Administrator of defendant-appellee, Estate of Dorothy M. Haas ("Haas' estate"). Dominey and Haas' estate will be referred to collectively hereinafter as "appellees."
 {¶ 3} In his complaint, appellant alleged that Haas had been a client of his and had failed to pay certain fees for legal services. He further alleged that Dominey had tortiously interfered with appellant's contract for legal services by persuading her mother to discharge appellant and not to pay the remaining balance of legal fees due. Appellant asserted claims for breach of contract against Haas' estate, and for tortious interference with contract and "malice, collusion and conspiracy, bad faith and other wrongdoing" against Dominey.
 {¶ 4} On September 7, 2005, appellant sought leave to file a motion for partial summary judgment. By a decision dated September 23, 2005, the court denied the motion because the dispositive motion deadline had passed and the case was scheduled for trial on October 12, 2005. By entry signed on October 12, 2005 and journalized on October 13, 2005, the court ordered that, by agreement of the parties, the case be *Page 3 
referred to a magistrate and that it be rescheduled for trial. The case was rescheduled for a trial to be conducted by a magistrate beginning on February 13, 2006. On December 20, 2005, appellant filed a motion for judgment on the pleadings. By decision dated December 21, 2005, the trial court denied that motion on the grounds that the deadline for filing dispositive motions had passed over six months earlier.
 {¶ 5} A magistrate presided over a jury trial of the case from February 13, 2006 through February 15, 2006. Following appellant's presentation of his case-in-chief, appellees moved the court for a directed verdict as to all of appellant's claims. The magistrate directed a verdict in favor of Dominey on appellant's claim for "malice, collusion, conspiracy, bad faith and other wrongdoing" and denied the motion for directed verdict with respect to the other two claims. Appellant unsuccessfully moved for a directed verdict with respect to his breach of contract claim. The jury ultimately rendered a verdict in favor of Dominey on appellant's tortious interference with contract claim, and in favor of appellant on his breach of contract claim against Haas' estate, and awarded him $2,170 in damages.
 {¶ 6} On February 15, 2006, the magistrate rendered a report respecting the disposition of appellant's claims at trial. On March 1, 2006, appellant filed objections to the magistrate's report, but he failed to submit a transcript in support of those objections. Instead, he submitted affidavits testifying to the events that occurred at trial, but did not allege or demonstrate that the transcript of proceedings was unavailable, pursuant to Civ.R. 53(E)(3)(b). Furthermore, he never requested, pursuant to Loc.R. 99.05, an *Page 4 
extension of time in which to file a transcript. By decision journalized April 6, 2006, the trial court overruled the objections.
 {¶ 7} Appellant raised seven objections. First, he argued that the magistrate denied him due process by not allowing him to orally move the court, on the eve of trial, for partial summary judgment as to his claim for breach of contract. The trial court overruled this objection, noting that it had previously denied appellant's September 2005 motion for partial summary judgment and December 2005 motion for judgment on the pleadings, and had informed appellant at an August 22, 2005 status conference that it would not entertain untimely dispositive motions.
 {¶ 8} Next, appellant argued that the magistrate erred in allowing the jury to consider evidence that appellees presented that was designed to show that a contract never existed between appellant and Haas. Appellant argued that appellees should have been prohibited from introducing such evidence because Haas had failed to raise the non-existence of a contract as an affirmative defense in her answer. The trial court overruled this objection on the basis that a defendant is not required to assert as an affirmative defense her denial of a plaintiff's allegation of the existence of a contract.
 {¶ 9} Next, appellant argued that the magistrate prejudiced him by forbidding him to orally move the court, pursuant to Civ.R. 12(H), for a finding that appellees failed to state a legal defense to appellant's breach of contract claim, due to Haas' having failed to denominate her denial of the existence of a contract as an affirmative defense in her answer. The court overruled this objection on the grounds that the magistrate's decision could not have prejudiced appellant because he prevailed on his breach of contract claim. *Page 5 
 {¶ 10} Next, appellant argued that the magistrate erred in denying appellant's motion for directed verdict as to his breach of contract claim. The court again found that the jury's verdict in favor of appellant on this claim rendered non-prejudicial any error the magistrate might have made.
 {¶ 11} Next, appellant argued that the magistrate erred in granting a directed verdict in favor of appellees on appellant's claim for malice, collusion, conspiracy, bad faith and other wrongdoing. The court overruled this objection on the basis that without a transcript of the evidence presented at trial, it could not evaluate the merits of the objection.
 {¶ 12} Next, appellant argued that the magistrate erred in refusing to submit a jury interrogatory regarding unjust enrichment. The court determined that appellant had not asserted a claim for unjust enrichment, and that, even if he had, without a transcript the court could not evaluate whether the evidence warranted such an instruction to the jury.
 {¶ 13} On May 16, 2006, the court journalized a judgment entry granting judgment in favor of appellant and against Haas' estate in the amount of $2,170 on his breach of contract claim, and in favor of Dominey on appellant's claim for tortious interference with contract, and malice, collusion and conspiracy, bad faith and other wrongdoing.
 {¶ 14} On May 22, 2006, appellant filed with the court a partial transcript of the trial. This partial transcript contains only an excerpt of a colloquy between the magistrate and the attorneys with respect to appellees' motion for directed verdict. On May 30, 2006, appellant moved the court for a new trial and for a judgment notwithstanding the verdict ("JNOV") pursuant to Civ.R. 59(A) and Civ.R. 50(B), respectively. His motion for *Page 6 
new trial was grounded upon the same arguments he presented in his objections. His motion for JNOV was grounded upon his assertion that the jury erred in calculating the damage award because it "changed the terms of the contract." By decision and entry journalized July 6, 2006, the court denied appellant's motions. Later, upon motion, the court granted appellant prejudgment and post-judgment interest.
 {¶ 15} Appellant timely appealed the trial court's judgment and advances the following nine assignments of error for our review:
 1. The Trial Court erred by denying due process to the Plaintiff-Appellant by not permitting him to address the Court prior to jury trial on issues of non-existence of evidence in support of the Defendants-Appellees' false assertion of non-existence of contract defense in the pleadings.
 2. The Trial Court erred by not permitting the Plaintiff to address the Court prior to the jury trial to make an objection of failure to state a legal defense to a claim pursuant to Civ.R. 12(H) in violation of Plaintiff's due process right created by Civ.R. 12(H).
 3. The Trial Court erred by holding that nonexistence of contract defense is not the affirmative defense that must be set in the pleadings or it is waived.
 4. The Trial Court erred by denying Plaintiff's motion for a directed verdict on the issues of the existence and breach of contract and by sending these issues to the jury for determination when the Defendants asserted the nonexistence of contract as the only defense but failed to set it as an affirmative defense in their pleadings and failed to present any evidence during the trial in support of their assertion that would create a genuine issue of material fact.
 5. The Trial Court erred by converting the Defendants' motion to dismiss, which is not provided for by the Rules of Civil Procedure, into a motion for a directed verdict during a jury trial. *Page 7 
 6. The Trial Court erred by granting Defendants' motion for a directed verdict on Plaintiff's claim of malice, collusion and conspiracy, bad faith and other wrongdoing.
 7. The Trial Court erred by not granting Plaintiff's motion for a new trial on each of the grounds stated under Errors 1-6 pursuant to Civ.R. 59.
 8. The Trial Court erred by denying Plaintiff's motion for a new trial on the Civ.R. 59(A)(4), (5) grounds of to (sic) small damages awarded in action on contract since Defendants did not dispute the hourly rate or the number of hours expended and the jury apparently changed the terms of the contract in determining the amount owed.
 9. The Trial Court erred by denying Plaintiff's motion for a new trial on the ground that the Defendants perpetrated a fraud on the court pursuant to Civ.R. 59 ground for a good cause shown.
 {¶ 16} Appellant's first, second, and third assignments of error raise the same issue and will be addressed together. The essence of all three of these assignments of error is appellant's contention that when Haas denied, in her answer to the complaint, that she and appellant had entered into an oral contract for certain legal services, this denial was a nullity that the court should not have recognized. Instead, he maintains, the court should have treated Haas' estate as having raised no defense at all to his breach of contract claim. Specifically, he argues that non-existence of a contract is an affirmative defense that, pursuant to Civ.R. 12(H), is waived if not raised in a motion before pleading, affirmatively in a responsive pleading, or by amendment under Civ.R. 15.
 {¶ 17} "An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it." State ex rel. PlainDealer Publishing Co. v. City of *Page 8 Cleveland (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187. "An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the `confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the `avoidance')." 1 Klein, Browne Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03. Affirmative defenses " * * *include any other matters constituting an `avoidance or affirmative defense.' An `avoidance or affirmative defense' asserts ` "for pleading purposes only * * * some legal reason why the plaintiff cannot have any recovery" ` on an otherwise valid claim." Charles v. Conrad, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 12, quotingABN AMRO Mtge. Group v. Meyers, 159 Ohio App.3d 608, 2005-Ohio-602,824 N.E.2d 1041, ¶ 13, fn. 3.
 {¶ 18} Haas' denial that any contract was ever formed between herself and appellant was not an affirmative defense because it did not admit the allegations and, therefore, was not in the nature of a confession and avoidance. Indeed, the Supreme Court of Ohio has long held that a defendant's denial of a plaintiff's material allegations as to the existence of a contract is not an affirmative defense; rather, "[i]t is in effect a denial in particular of the contract and performance alleged in the petition; so that the burden of proof nevertheless remains with the plaintiff[.]" List Son Co. v. Chase(1909), 80 Ohio St. 42, 48, 88
N.E. 120.
 {¶ 19} In his first assignment of error, appellant argues that the trial court deprived him of due process of law by refusing to allow him to address the court before trial in order to request that appellees not be permitted to introduce any evidence as to the non-existence of a contract because they had not properly asserted that defense under Civ.R. *Page 9 
8(C). In his second assignment of error, appellant argues that the trial court deprived him of due process by refusing to allow him to raise a Civ.R. 12(H) objection based upon his belief that appellees had failed to state a legal defense to the breach of contract claim. In his third assignment of error, he argues that the trial court erred in determining that appellees' denial of the existence of a contract was not an affirmative defense.
 {¶ 20} First of all, we are unable to pass upon any assignment of error that claims error at trial when the record contains no record of that portion of the trial. "When an appellant fails to provide us with a transcript or acceptable alternative, `there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below.' " Lewis v. Connors, 10th
Dist. No. 02AP-607, 2003-Ohio-632, ¶ 21, quoting DeCato v.Goughnour(2000), 136 Ohio App.3d 795, 799, 737 N.E.2d 1042. Moreover, as elucidated above, appellees' denial of the existence of a contract was not an affirmative defense that was waived if not raised as such in the answer. For these reasons, appellant's first, second and third assignments of error are overruled.
 {¶ 21} In his fourth assignment of error, appellant argues that the trial court erred in denying appellant's motion for a directed verdict as to his breach of contract claim based on (1) appellees' failure to raise non-existence of contract as an affirmative defense; and (2) appellees' having failed to introduce any evidence during trial to support their denial of the contract's existence.
 {¶ 22} Again, appellees' denial of the existence of a contract was not an affirmative defense and was raised in the proper manner in the answer, and to the extent that appellant's assignment of error is based upon the evidence adduced (or not adduced) at *Page 10 
trial, we are unable to pass upon it when the record contains no transcript of that portion of the trial. "It is an appellant's duty to order and file a transcript of the proceedings below or to provide an allowable alternative to the transcript because the appellant has the burden of demonstrating any alleged errors by reference to the materials in the record." Lewis, supra, at ¶ 21.
 {¶ 23} A party who objects to the decision of a magistrate has the obligation to provide a transcript of the proceedings, or an affidavit if a transcript is not available. Civ.R. 53(E)(3)(c). The rule does not provide the objecting party with an option to file either a transcript or an affidavit. An affidavit may be employed only where a transcript of the proceedings is not available. "A transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." Gladden v. Grafton Corr. Inst., 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7. Appellant failed to file a transcript or to offer any reason why a transcript of the proceedings was not available. Accordingly, we have nothing to pass upon and must presume the validity of the proceedings at trial. For these reasons, appellant's fourth assignment of error is overruled.
 {¶ 24} In support of his fifth assignment of error, appellant argues that the court erred in overruling his objection to the fact that the magistrate treated appellees' motion for a directed verdict as such when appellees' counsel used the term "motion to dismiss" when he orally addressed the court. This is the only assignment of error with respect to *Page 11 
which appellant provided a transcript. That partial transcript reveals that appellees' counsel stated:
 I would like to make a Motion to Dismiss on the basis that Mr. Sain has failed to prove numerous elements of the three claims he has against Ms. Haas and Ms. Dominey.
(Tr. 2.)
 {¶ 25} Following the foregoing statement, appellees' counsel enumerated several elements of each of appellant's claims upon which appellees' believed appellant had not sustained his burden of proof. Appellees' counsel presented argument as to the legal requirements for each element and explained why appellees believed that appellant's evidence was insufficient for each claim to be submitted to the jury. "A motion for directed verdict tests the legal sufficiency of the evidence to go to the jury." Whitestone Co. v. Stittsworth, 10th
Dist. No. 06AP-371, 2007-Ohio-233, ¶ 12. Our review of the excerpted transcript reveals that appellees challenged the legal sufficiency of the evidence as to each of appellant's claims and argued that the evidence was insufficient to send those claims to the jury for consideration. Therefore, appellees' motion was a motion for a directed verdict, regardless of the fact that appellees' counsel misspoke and used the phrase "motion to dismiss." It is clear that the magistrate correctly understood the nature of the motion. Because appellees properly moved the court for a directed verdict, it was not error for the magistrate to treat the motion as such. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 26} In his sixth assignment of error, appellant argues that the trial court erred in directing a verdict in favor of appellees on his claim for malice, collusion and conspiracy, *Page 12 
bad faith and other wrongdoing. "In the absence of a complete transcript, we cannot find error by the trial court in directing a verdict, because we do not have evidence in the record before us showing error." Byrd v. Dial-a-Ride Transit Corp. of Columbus(June 30, 1977), 10th Dist. No. 77AP-185, 1977 Ohio App. LEXIS 8981, at *3.
 {¶ 27} Appellant also argues, however, that the granting of a directed verdict as to this claim was error as a matter of law. Specifically, he asserts that if the court found sufficient evidence to send the tortious interference with contract claim to the jury, then there must have been sufficient evidence to send the malice/collusion/conspiracy/bad faith claim to the jury because these torts all "spring" from the tort of tortious interference with contract. Appellant offers no authority for this proposition and our research reveals no authority therefor.
 {¶ 28} The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages.Fred Siegel Co., L.P.A. v. Arter Hadden(1999), 85 Ohio St.3d 171,707 N.E.2d 853, paragraph one of the syllabus. The court in Fred SiegelCo.went on to hold:
 Establishment of the fourth element of the tort of tortious interference with contract, lack of justification, requires proof that the defendant's interference with another's contract was improper.
 In determining whether an actor has acted improperly in intentionally interfering with a contract or prospective contract of another, consideration should be given to the following factors: (a) the nature of the actor's conduct, (b) the actor's *Page 13 
motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.
Id. at paragraphs two and three of the syllabus. (Citations omitted.)
 {¶ 29} None of the elements of the tort of tortious interference with contract espouses the type of conduct upon which appellant's claim for malice/collusion/conspiracy/bad faith is based, or calls for the same inquiry on the part of the factfinder as does the latter claim. Therefore, we reject appellant's argument that the claim of malice/collusion/conspiracy/bad faith "springs" from the claim of tortious interference with contract. For all of these reasons, appellant's sixth assignment of error is overruled.
 {¶ 30} In his seventh assignment of error, appellant argues that the trial court erred by refusing to grant him a new trial based on the errors he claimed under his first six assignments of error on appeal. For the same reasons that we overruled those six assignments of error, it was not error for the trial court to refuse to grant appellant a new trial. Accordingly, appellant's seventh assignment of error is overruled.
 {¶ 31} In his eighth assignment of error, appellant argues that the trial court erred in denying his motion for a new trial on the ground that the jury's award of damages was too small given the evidence adduced as to his damages. Once again, we are unable to address the merits of this assignment of error since the relevant portions of the trial transcript have not been provided as part of the record on appeal.Tessman v. Darling *Page 14 
(May 16, 1991), 10th Dist. No. 90AP-1402. Accordingly, appellant's eighth assignment of error is overruled.
 {¶ 32} In his ninth and final assignment of error, appellant argues that the trial court erred in denying his motion for new trial on the ground that appellees had perpetrated a fraud on the court. The "fraud" to which appellant refers is that appellees "knowingly falsely asserted non-existence of the contract defense in their Amended Answer but failed to assert it as an affirmative defense and knowingly misrepresented the evidence with intent to mislead the Court and cause miscarriage of justice. This in turn caused the unfair prejudice to the Plaintiff and tainted and invalidated the entire jury trial." (Brief of appellant, 29.) Because the defense of non-existence of the contract is not an affirmative defense, and because we have no transcript from which to evaluate the evidence adduced or the way in which appellees "represented" the same, we find no error under this assignment and, accordingly, we overrule it.
 {¶ 33} For all of the foregoing reasons, appellant's first, second, third, fourth, fifth, sixth, seventh, eighth and ninth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] We note that the Franklin County Court of Common Pleas has declared appellant to be a vexatious litigator pursuant to R.C. 2323.52, subjecting him to limitations upon his participation in future litigation. This action, however, was instituted during the pendency of an appeal from that determination. We later affirmed the trial court's designation of appellant as a vexatious litigator. Roo v. Sain, 10th Dist. No. 04AP-881, 2005-Ohio-2436. *Page 1