OPINION
{¶ 1} Appellant, George R. Sain,[1] appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division ("probate court"), overruling appellant's objections to a magistrate's decision that concluded that appellant failed to prove the existence or non-inclusion of assets in the estate of Dorothy M. Haas after appellant filed exceptions to the estate's inventory. For the reasons set forth below, we affirm the probate court's judgment.
 {¶ 2} On August 30, 2005, appellant applied for authority to administer the estate of Dorothy M. Haas. After issuing a notice of hearing and holding a hearing, the probate court, through a magistrate, recommended appointing Jo Anne Dominey, Ms. Haas's *Page 2 
daughter and sole heir, as administrator of the Haas estate after finding that Ms. Dominey expressed a desire to serve as administrator of her mother's estate and had a right to serve as the administrator of her mother's estate, and that appellant was an alleged creditor of Ms. Haas.
 {¶ 3} Following an independent review, the probate court adopted the magistrate's decision and ordered Ms. Dominey to perfect her appointment as administrator of the Haas estate. The probate court thereafter appointed Ms. Dominey as administrator of her mother's estate.
 {¶ 4} On October 10, 2006, the probate court ordered a hearing to consider the estate inventories. Seeking to dispense with a final accounting and claiming that the estate had no assets, counsel for the Haas estate moved the probate court to close the estate. By entry filed on October 27, 2006, the probate court waived the final accounting, discharged Ms. Dominey from her duties as the estate's administrator, and closed the estate.
 {¶ 5} Approximately six days after the probate court closed the Haas estate, claiming, among other things, that: (1) in Franklin County Common Pleas Court case No. 04CVH-09-9291, appellant was awarded a judgment against the Haas estate in the amount of $2,710 plus costs;[2] (2) Ms. Dominey had refused his claims against the estate;
(3) he had not received notice of the hearing to consider the estate inventories; and
(4) the estate was not insolvent as claimed by counsel for the Haas estate, appellant moved the probate court to set aside its judgment wherein it closed the Haas estate. *Page 3 
 {¶ 6} After conducting a hearing, the probate court, through a magistrate, found appellant's motion to set aside the probate court's judgment was well-taken. Accordingly, the magistrate recommended granting appellant's motion and setting aside the probate court's judgment that closed the estate. Following independent review, the probate court, among other things, adopted the magistrate's decision and set aside its previous entry. The probate court also ordered that a hearing should be held to consider the estate's inventory.
 {¶ 7} Claiming that he was properly entitled to $38, which the probate court apparently awarded to the estate's counsel as attorney fees and which appellant claimed the probate court had later set aside, appellant moved the probate court for an order directing the estate's attorney to redeposit $38 with the probate court. Also, claiming that he was entitled to a refund of deposits associated with the opening of the Haas estate, appellant also moved for a refund of these deposits and an order taxing all court costs to the estate and the estate's sole beneficiary. Additionally, claiming that the Haas estate was not insolvent, appellant filed exceptions to the estate's inventory, wherein appellant listed property that he contended should have been included in the estate.
 {¶ 8} After conducting a hearing on February 28, 2007, the probate court, through a magistrate, rendered an adverse decision to appellant that included findings of fact and conclusions of law. In her findings of fact, the magistrate found, among other things, that: (1) on September 25, 2002, acting on Ms. Haas's behalf and alleging that Ms. Dominey converted assets under a general durable power of attorney, appellant filed an action against Ms. Dominey in the Franklin County Court of Common Pleas (case No. 02CVH-09-10619); (2) in 2002, Ms. Haas later dismissed this action and dismissed appellant as counsel; (3) appellant later attempted to collect attorney's fees by filing a civil action in *Page 4 
common pleas court, wherein he sought approximately $8,700; (4) during the pendency of that civil action, Ms. Haas died intestate on April 22, 2005, and appellant properly substituted the estate's administrator in the civil action; (5) as stipulated in the civil action, appellant properly presented his claim to the estate's administrator, Ms. Jo Anne Dominey, nka Jo Anne Guerrissi-Farrugia, who rejected this claim; (6) appellant ultimately was awarded $2,710 in the civil action that he brought against the Haas estate; (7) an inventory of the Haas estate filed on October 6, 2006, showed no estate assets; and (8) a general warranty deed, which was witnessed by an attorney, was executed on May 27, 1992, wherein Ms. Haas transferred her home to Ms. Dominey and reserved a life estate for herself.
 {¶ 9} In her decision, the magistrate ultimately concluded that appellant failed to prove the existence or non-inclusion of assets in the decedent's estate. The magistrate further concluded that appellant failed to provide clear and convincing evidence of undue influence by decedent's daughter who, at one point, had been decedent's attorney-in-fact. The magistrate ordered the re-depositing of $38 with the court, which had been reimbursed to the estate's attorney, and the magistrate also found that appellant's deposit for which he sought a refund was properly applied to court costs. Finally, the magistrate found that appellant should be responsible for all current and future court costs exceeding the re-deposited amount of $38.
 {¶ 10} After the magistrate issued her decision, appellant filed objections to the magistrate's decision. Finding that appellant "failed to timely submit a compliant transcript of the hearing before the Magistrate" with his objections, the probate court only *Page 5 
considered alleged errors regarding the magistrate's conclusions of law.[3] Finding that the magistrate applied the correct standard of proof when she considered appellant's exceptions to the inventory and finding no basis for appellant's 13 objections to the magistrate's conclusions of law, the probate court overruled appellant's objections to the magistrate's decision and adopted the magistrate's decision in full.
 {¶ 11} From the probate court's judgment overruling appellant's objections to the magistrate's decision, appellant now appeals. No memorandum in opposition has been filed.
 {¶ 12} Appellant asserts six assignments of error for our consideration:
 1. The Court erred as a matter of law by refusing to undertake an independent review and rule on the objections to the Magistrate's report.
 2. The Court erred and abused its discretion by denying the exceptor's motion to permit questioning of the Administrator who might have concealed the assets.
 3. The Court erred as a matter of law by affirming the Magistrate's decision that uses a wrong standard of undue influence instead of the standard of inter vivos gift to decide the concealment of assets issues.
 4. The Court erred as a matter of law by affirming the Magistrate's decision placing burden of proof for undue influence by clear and convincing evidence on the exceptor-judgment creditor. *Page 6 
 5. The Court erred by affirming the Magistrate's decision holding that the proceeds from the decedent's home do not belong to the decedent's estate.
 6. The Court erred by affirming the Magistrate's decision holding that the certificate of deposit ("CD") or its proceeds do not belong to the estate, the said CD being financed from the deceased's CD that was converted by the attorney-in-fact under a general power of attorney that does not provide for self-gifting.
 {¶ 13} Appellant's first assignment of error asserts that the probate court failed to independently review and consider appellant's objections to the magistrate's decision.
 {¶ 14} An appellate court reviews a decision of a trial court adopting a magistrate's decision under an abuse-of-discretion standard. Layne v.Layne, Franklin App. No. 03AP-1058, 2004-Ohio-3310, at ¶ 8, citingGeorge Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169; Stockdale v.Baba, 153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citingBerk, at 169; State v. Congrove, Franklin App. No. 06AP-1129,2007-Ohio-3323, at ¶ 9.
 {¶ 15} "`"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161; see, also, Dayton ex rel. Scandrick v. McGee (1981),67 Ohio St.2d 356, 359, citing Black's Law *Page 7 
Dictionary (5 Ed.) (observing that "`[unreasonable' means `irrational'"); Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9.
 {¶ 16} Here, after finding that appellant failed to timely submit "a compliant transcript," the probate court only considered appellant's challenges to the magistrate's conclusions of law without considering appellant's challenges to the magistrate's findings of fact.
 {¶ 17} Civ.R. 53(D)(3)(b)(iii) provides:
 An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.
See, also, Loc.R. 11.1(B) and (D) of the Franklin County Court of Common Pleas, Probate Division (transcription of recording of proceedings).
 {¶ 18} In the instant case, appellant failed to support his objections to the magistrate's factual findings with a transcript of all the evidence submitted to the magistrate within 30 days after filing his objections as required by Civ.R. 53(D)(3)(b)(iii). Neither did appellant seek an extension for the filing of the required transcript. Appellant also failed to comply with Loc.R. 11 of the Franklin County Court of Common Pleas, *Page 8 
Probate Division, by filing a "partial transcript," which was not transcribed by a court-approved stenographer.[4]
 {¶ 19} "`Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged.'" Yancy v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, dismissed, appeal not allowed, 89 Ohio St.3d 1428, quoting Witt v. J J Home Ctrs., Inc. (Apr. 26, 1999), Geauga App. No. 95-G-1939. See, also, Sain v. Estate of Haas, Franklin App. No. 06AP-902, 2007-Ohio-1705, at ¶ 23.[5]
 {¶ 20} Accordingly, because appellant failed to file an acceptable record to the trial court, we cannot conclude that the probate court abused its discretion by only considering appellant's objections to the magistrate's conclusions of law without considering appellant's objections to the magistrate's findings of fact. *Page 9 
 {¶ 21} Besides asserting that the probate court prejudicially erred by failing to consider his objections, appellant's first assignment of error also asserts that the probate court failed to independently review the magistrate's decision.
 {¶ 22} Regardless of whether an objecting party filed a transcript or appropriate substitute, a court is required to undertake an independent review to determine whether a magistrate's recommendation should be adopted pursuant to Civ.R. 53. See Civ.R. 53(D)(4)(d) (providing in part that "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law"); see, also, Wade v. Wade (1996), 113 Ohio App.3d 414,418 (stating that "[w]e are aware that the trial court is required to undertake an independent analysis to determine whether the referee's recommendations should be adopted pursuant to Civ.R. 53, regardless of whether any party filed any objections or related transcripts"). (Emphasis sic.)
 {¶ 23} However, although a trial court is required to undertake an independent review when ruling on objections pursuant to Civ.R. 53, "absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the referee's conclusions of law and recommendations, in light of the accompanying findings of fact only unless the trial court elects to hold further hearings."Wade, at 418.
 {¶ 24} Here, the probate court held a hearing to consider appellant's objections to the magistrate's decision and later issued a judgment addressing appellant's objections. After reviewing the record, we cannot conclude that the probate court failed to independently review the magistrate's decision as appellant claims.
 {¶ 25} Accordingly, appellant's first assignment of error is overruled. *Page 10 
 {¶ 26} Appellant's second assignment of error asserts the probate court abused its discretion by denying appellant's motion to permit questioning of the estate's administrator.
 {¶ 27} Civ.R. 53(D)(4)(d) provides that a trial court may refuse to hear additional evidence "unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." See, also, Greene v.Greene, Licking App. No. 03-CA-85, 2004-Ohio-3529, at ¶ 19, citingWade, at 419 (stating that "[a]bsent a timely transcript or appropriate alternative, a trial court is limited to an examination of the Magistrate's conclusions of law and recommendations in light of the accompanying findings of fact unless the trial court elects to holdfurther hearings"). (Emphasis added.)
 {¶ 28} Here, both appellant and the estate's administrator appeared before the magistrate. Appellant does not assert that he lacked an opportunity to elicit testimony from the estate's administrator during the hearing before the magistrate. Under such facts and circumstances, appellant therefore cannot support a claim that he could not, with reasonable diligence, have produced testimony from the estate's administrator for consideration by the magistrate.
 {¶ 29} Therefore, we cannot conclude that the trial court abused its discretion by failing to allow appellant to re-examine the estate's administrator after appellant had an opportunity to do so before the magistrate.
 {¶ 30} Accordingly, appellant's second assignment of error is overruled.
 {¶ 31} Appellant's third assignment of error asserts the probate court erred by adopting the magistrate's decision because the magistrate purportedly used an incorrect standard of undue influence when considering whether assets were concealed. *Page 11 
 {¶ 32} In her decision, which the probate court later adopted, the magistrate stated in part:
 The excepting party has the burden of proving the existence of assets he claims were not, but should have been, included in the administrator's inventory as assets. Talbott v. Fisk (2002), Ohio 6960 [sic]; Bolen v. Humes (1951), 94 Ohio App. 1, 2, 4. In a case wherein the acts of a fiduciary are questioned, "[t]he donee bears the burden of going forward with proof of the validity of the transfer while the party attacking the gift retains the ultimate burden of proving undue influence by clear and convincing evidence." [Brooks v. Bell (Apr. 10, 1998), Hamilton App. No. C-970548.]
(Magistrate's Decision, at 3.)
 {¶ 33} In her decision, the magistrate observed that, although decedent previously had brought a conversion action against decedent's daughter, decedent ultimately dismissed this action and did not initiate any further legal action against her daughter. The magistrate thus concluded that "[b]y dismissing the action * * * Ms. Haas effectually ratified any possible mishandling of assets by the attorney-in-fact." Id. at 4. The magistrate further concluded that "George Sain failed to provide clear and convincing evidence of undue influence by the attorney-in-fact. Dorothy Haas was clearly aware of the actions of the attorney-in-fact but chose not to pursue the matter. Additionally, Mr. Sain, the excepting party herein, failed to prove the existence or noninclusion of assets in the decedent's estate." Id.
 {¶ 34} Because in the probate court appellant failed to file a transcript of the proceedings before the magistrate, our examination is limited to reviewing the probate court's action in light of the facts as presented in the magistrate's decision. Greene, at ¶ 20, citingState ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728;
see, also, Yancy, supra, citing Dintino v. Dintino (Dec. 31, 1997), Trumbull App. No. 97-T-0047 *Page 12 
(stating that "[i]f the complaining party fails to support her factual objections pursuant to Civ.R. 53, she is precluded from arguing factual determinations on appeal").
 {¶ 35} In Merce v. Duren (Aug. 13, 1991), Franklin App. No. 91AP-346, this court explained that the purpose of a proceeding for the discovery of concealed or embezzled assets of an estate "is to facilitate the administration of estates by expeditiously bringing into such estates those assets which rightfully belong to the estate." Id., citing In reEstate of Fife (1956), 164 Ohio St. 449. The Merce court further explained:
 In a proceeding under R.C. 2109.50, the fact that a gift was made of certain assets is a defense to a charge of concealment. See In the Matter of Estate of Raymond (1940), 66 Ohio App. 428. Once a prima facie case has been established for the inclusion of certain assets into the estate, it is incumbent upon the person suspected of concealing those assets to rebut and overcome the prima facie case by proving the essential element of a completed inter vivos gift. Fife, supra, at 545.
Id.
 {¶ 36} Although the proceedings in probate court concerned appellant's exceptions to the inventory of the Haas estate, see, generally, R.C.2115.16, and the proceedings were not a concealment action, see, generally, R.C. 2109.50, the Merce court's discussion about concealment proceedings under R.C. 2109.50 is instructive in our consideration of appellant's third assignment of error.
 {¶ 37} In Merce, this court observed that "the fact that gift was made of certain assets is a defense to a charge of concealment." Id. Thus, as a defense to appellant's claims of concealment, decedent's daughter properly could have asserted that assets were transferred to her as inter vivos gifts.
 {¶ 38} "To support a gift inter vivos there must exist clear and convincing evidence of a present intention on the part of the donor to transfer title and right of possession as *Page 13 
well as evidence of a completed delivery of the subject matter of the gift with the donor relinquishing ownership, dominion and control over it." Studniewski v. Krzyzanowski (1989), 65 Ohio App.3d 628, 632, citingSaba v. Cleveland Trust Co. (1926), 23 Ohio App. 163, 165; Bolles v.Toledo Trust Co. (1936), 132 Ohio St. 21, paragraph one of the syllabus.
 {¶ 39} "Where a confidential or fiduciary relationship exists between donor and donee, the transfer is looked upon with some suspicion that undue influence may have been brought to bear on the donor by the donee." Studniewski, at 632, citing Willis v. Baker (1906),75 Ohio St. 291; McCluskey v. Burroughs (1982), 4 Ohio App.3d 182. Under such circumstances, "a presumption arises, and the party with the superior position must go forward with proof on the issue of undue influence and fairness of the transaction while the party attacking a completed gift on that basis retains the ultimate burden of proving undue influence by clear and convincing evidence." Studniewski, at 632; see, also,Smith v. Shafer (1993), 89 Ohio App.3d 181, 183; Brooks v. Bell (Apr. 10, 1998), Hamilton App. No. C-970548.
 {¶ 40} Here, after reviewing the probate court's action in light of the facts as presented in the magistrate's decision, and notwithstanding appellant's contentions to the contrary, we cannot conclude that the probate court used an incorrect standard of undue influence, as appellant contends.
 {¶ 41} Accordingly, for the reasons set forth above, we overrule appellant's third assignment of error.
 {¶ 42} Appellant's fourth assignment of error asserts that the probate court erred by adopting the magistrate's decision because the magistrate improperly placed a burden of proving undue influence by clear and convincing evidence on appellant. *Page 14 
 {¶ 43} Generally, as the party who was disputing the estate's inventory, appellant had the burden of going forward with, or of producing evidence, that challenged the estate's inventory. SeeTalbott v. v. Fisk, Franklin App. No. 02AP-427, 2002-Ohio-6960, at ¶ 31 (observing that an exceptor "had the burden of proving the existence of assets he claimed were not, but should have been, included in appellant's account as assets of the estate"); Bolen v. Humes (1951),94 Ohio App. 1, 4, quoting Steward v. Berry, Admr. (1921),102 Ohio St. 129 ("`"[w]here an attempt is made to charge the administrator with more assets than are charged by the appraisement and the account, the burden of proving the existence of such additional assets is upon the objector"'"); see, also, State v. Robinson (1976), 47 Ohio St.2d 103,107 (stating that "[i]n a civil case, the plaintiff normally has the burden of producing evidence to support his case, and the defendant has the burden of producing evidence of any affirmative defenses").
 {¶ 44} Furthermore, appellant, as the party challenging the estate's inventory, had the burden of persuading the magistrate, as the trier of fact, by a preponderance of the evidence, or upon some issues, by clear and convincing evidence. See Robinson, at 107 (explaining that "[i]n a civil case, the burden is to persuade the trier of fact by a preponderance of the evidence, or upon some issues, by clear and convincing evidence. If the trier of fact, whether judge or jury, finds itself in doubt, it must decide the issue against the party having the burden of persuasion").
 {¶ 45} Here, to the extent that appellant challenged the validity of inter vivos gifts between Ms. Haas and her daughter, who at the time of the inter vivos gifts was Ms. Haas's attorney-in-fact, decedent's daughter bore a burden of proving the validity of the transfer or of the fairness of the transfer of assets to her. Appellant, however, as the party who attacked the validity of the inter vivos gifts, retained the ultimate burden of *Page 15 
proving undue influence by clear and convincing evidence.Studniewski, at 632; Shafer, at 183; Brooks, supra.
 {¶ 46} Based on the record before us, we cannot conclude that the probate court erred, as appellant contends, by improperly placing a burden of proving undue influence by clear and convincing evidence on appellant.
 {¶ 47} Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 48} Appellant's fifth assignment of error asserts the probate court erred by adopting the magistrate's determination that decedent's home did not belong to the decedent's estate. Specifically, appellant contends that decedent's house or its proceeds belonged to decedent's estate when decedent's daughter failed to prove by clear and convincing evidence that a completed inter vivos gift was made to her.
 {¶ 49} Appellant's sixth assignment of error asserts the probate court erred by adopting the magistrate's determination that a certificate of deposit ("CD") and its proceeds did not belong to decedent's estate. Specifically, appellant contends that decedent's daughter failed to prove by clear and convincing evidence that a completed inter vivos gift was made to her.
 {¶ 50} Because appellant's fifth and sixth assignments of error raise similar issues, we jointly shall consider appellant's fifth and sixth assignments of error.
 {¶ 51} To the extent that appellant relies upon evidence that is outside the record to support these assignments of error, namely a transcript that appellant failed to file in the probate court, appellant's reliance on this outside evidence is disapproved. See, generally, State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not *Page 16 
a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").
 {¶ 52} Also, because, as discussed in our consideration of appellant's first assignment of error, appellant has failed to support factual objections as required under Civ.R. 53, appellant is therefore precluded from challenging the magistrate's factual determinations in this appeal regarding whether decedent's home properly belonged in decedent's estate and whether decedent's CD properly belonged in decedent's estate. SeeYancy, supra, citing Dintino, supra.
 {¶ 53} Moreover, to the extent that appellant's fifth and sixth assignments of error challenge whether the magistrate's determinations are supported by sufficient evidence or whether the magistrate's determinations are supported by the manifest weight of the evidence, we are unable to consider such claims in this appeal because to do so requires this court to review the evidence before the magistrate, including, in this case, testimonial evidence before the magistrate as contained in a transcript of the proceedings before the magistrate, which appellant failed to file in the probate court. See, generally,Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525, 530
(stating that "[t]he standard for a review of the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict, which is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the prevailing party"); C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, syllabus (holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence"). *Page 17 
 {¶ 54} Accordingly, for the reasons set forth above, appellant's contentions that the probate court erred by finding that a CD and decedent's home were not part of decedent's estate are not well-taken.
 {¶ 55} Appellant's fifth and sixth assignments of error are therefore overruled.
 {¶ 56} In summary, having overruled all six of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.
McGRATH and TYACK, JJ., concur.
[1] Appellant has been declared a vexatious litigator by the Franklin County Court of Common Pleas and this designation has been affirmed by this court. See Roo v. Sain, Franklin App. No. 04AP-881, 2005-Ohio-2436, at ¶ 21; see, also, Sain v. Estate of Haas, Franklin App. No. 06AP-902,2007-Ohio-1705, at ¶ 2, fn. 1 (acknowledging this court's affirmation of appellant's vexatious litigator designation).
[2] See Sain v. Estate of Haas, supra (affirming judgment of common pleas court awarding $2,170 against the Haas estate in favor of appellant for breach of contract claim, but denying recovery to appellant on claims of tortious interference with contract, malice, collusion and conspiracy, bad faith, and other wrongdoing).
[3] After appellant himself transcribed a "partial transcript" of the proceedings before the magistrate, he filed this "partial transcript" with the probate court approximately one month after he filed objections to the magistrate's decision. Appellant did not, however, file a transcript that was professionally transcribed by a stenographer.
With the instant appeal, however, a transcript of the proceedings before the magistrate, which was professionally transcribed by a disinterested stenographer based on a recording, has been filed. Because a copy of this transcript was not before the probate court when it considered appellant's objections to the magistrate's decision, we cannot consider this transcript in this appeal. See State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter"); State ex rel.Duncan v. Chppewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730.
[4] Division (B) of Loc.R. 11.1 of the Franklin County Court of Common Pleas, Probate Division, effective January 1, 2007, provides: "Any interested person may request a recording of a hearing be transcribed by a stenographer approved by the Court. The person making the request shall pay the cost of transcription. The Court will convey the recording to a stenographer. A transcript filed with the Court under this paragraph shall supersede the digital recording as the official record of the Court."
Division (D) of Loc.R. 11.1, effective January 1, 2007, provides: "An interested person will not be allowed to use the contents of a recording in subsequent pleadings filed with the Court or in argument before the Court unless a transcript of the entire hearing is filed with the Court as provided in paragraph (B) of this rule."
[5] In Sain, this court stated:
 A party who objects to the decision of a magistrate has the obligation to provide a transcript of the proceedings, or an affidavit if a transcript is not available. Civ.R. 53(E)(3)(c). The rule does not provide the objecting party with an option to file either a transcript or an affidavit. An affidavit may be employed only where a transcript of the proceedings is not available. "A transcript is not unavailable merely because the original stenographic notes have not been transcribed or because a party elects not to order a transcript of the proceedings. Where a transcript can be produced, the transcript is available and must be provided to the trial court in support of objections to a magistrate's decision." Gladden v. Grafton Corr. Inst., 10th Dist. No. 05AP-567, 2005-Ohio-6476, ¶ 7. *Page 1