OPINION
{¶ 1} Appellant, Cars Warranty, appeals from the October 27, 2007 judgment entry of the Willoughby Municipal Court, which overruled its objections and adopted the magistrate's decision to award appellee, Mr. Andrew Harris, $3,000, plus 8% interest for his car engine replacement. For the following reasons, we affirm.
 {¶ 2} Substantive Facts and Procedural History *Page 2 
 {¶ 3} On May 14, 2007, appellee, ("Mr. Harris"), purchased a 1999 Cadillac Catera for $3,995 from appellee, Transportation Outlet ("Transportation Outlet"), which included a $150 limited warranty from appellant ("CARS") that covered select components of the vehicle. Shortly after his purchase Mr. Harris began having trouble with the vehicle. Ultimately, within a month of his purchase he replaced the entire engine, spending almost the equivalent of the purchase price.
 {¶ 4} Subsequently, Mr. Harris, pro se, filed a small claims complaint in the Willoughby Municipal Court on July 10, 2007, against Transportation Outlet and CARS, alleging various mechanical problems with the car and that they should not have occurred so soon after his purchase; and demanding judgment in the amount of $3,000 plus 8% interest representing reimbursement for the car repairs that should have been covered under the warranty.
 {¶ 5} A hearing was held before a magistrate on August 13, 2007, and a magistrate's decision issued August 17, 2007. The magistrate found that Mr. Harris had purchased the vehicle from Transportation Outlet "as is." The magistrate further determined that Mr. Harris had purchased a limited warranty from CARS, and that when Mr. Harris' mechanic contacted CARS for authorization to replace the engine, CARS refused to cooperate. Thus, the magistrate determined CARS was liable under the warranty and must reimburse Mr. Harris for the cost of the repairs. The magistrate awarded Mr. Harris $3,000 plus 8% interest. Judgment was entered in favor of Transportation Outlet on Mr. Harris' complaint.
 {¶ 6} On August 23, 2007, CARS filed objections to the magistrate's decision with a "copy of transcript." This purported "transcript" was privately transcribed from the *Page 3 
recording of the hearing and was neither transcribed nor certified by an officially appointed court reporter.[1]
 {¶ 7} Accordingly, on October 24, 2007, the court overruled CARS' objections and adopted the magistrate's decision. The court found that CARS provided no reason why the hearing was not properly transcribed by a court reporter. Because no proper transcript was provided, the court could not properly review the hearing, and overruled CARS' objections. The court also determined that assuming arguendo, the transcript was correct, it appeared that Mr. Harris and his mechanic sought prior approval as required by CARS' limited warranty policy. The court deduced that on May 23, 2007, CARS' intake form read that "these are now covered components." On the June 13, 2007 form, however, it read "repairs done w/o auth. Claim will be denied." Thus, the court found that the magistrate correctly determined CARS was liable.
 {¶ 8} CARS subsequently appealed on November 6, 2007, and raises two assignments of error:
 {¶ 9} "[1.] The lower court erred in failing to consider Appellant's Statement of the Evidence, and consequently, order a new hearing.
 {¶ 10} "[2.] The lower Court's Decision awarding Appellee $3,000 was against the manifest weight of the evidence."
 {¶ 11} Standard of Review
 {¶ 12} "On appeal, a trial court's adoption of a magistrate's decision will not be overruled unless the trial court abused its discretion in adopting the decision." Brown v. Gabram, 11th Dist. No. 2004-G-2605,2005-Ohio-6416, ¶ 11, citing Lovas v. Mullet (July *Page 4 
29, 2001), 11th Dist. No. 2000-G-2289, 2001 Ohio App. LEXIS 2951, 5-6. "An abuse of discretion is more than error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable." Id., citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Statement of the Evidence
 {¶ 14} In its first assignment of error, CARS contends that the trial court erred in failing to consider its "statement of the evidence," and consequently, erred by not ordering a new hearing. Specifically, CARS argues that pursuant to Civ. R. 53(D)(2) and App. R. 9(B), the trial court is required to employ an "officially appointed reporter," or allow the parties to submit a statement of evidence as contemplated by App. R. 9(C) based upon the recording system employed by the trial court. We find these contentions to be without merit.
 {¶ 15} Our review of the record reveals that CARS did not submit a proper transcript or statement of the evidence as required by App. R. 9. Attached to CARS' objections was a transcript of the hearing that was transcribed by a "contractor" in the employ of CARS' counsel, Ms. Karen Eva Cash. Attached to the transcript was an affidavit signed by Ms. Cash. This purported "transcript" of the hearing fails for numerous reasons.
 {¶ 16} "Under Civ. R. 53(D)(3)(b), parties are required to support any objection to a magistrate's decision with `a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.' Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged." Yancy v. Haehn *Page 5 
(Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 Ohio App. LEXIS 788, 7, citing Witt v. JJ Home Ctrs., Inc. (Apr. 26, 1996), 11th Dist. No. 95-G-1939, 1996 Ohio App. LEXIS 1703, 4-5. "If the complaining party fails to support her factual objections pursuant to Civ. R. 53, she is precluded from arguing factual determinations on appeal." Id., citingDintino v. Dintino (Dec. 31, 1997), 11th Dist. No. 97-T-0047, 1997 Ohio App. LEXIS 6027, 5-7.
 {¶ 17} Moreover, "[t]o prevail on appeal, appellant must affirmatively demonstrate, through reference to the record of the trial court proceeding, that the trial court erred. Pursuant to App. R. 9, appellant [has] an affirmative duty to provide * * * a complete record, which could have included relevant papers, exhibits, [judgment] entries, transcripts, and other allowable documents." Id. at 7-8, citingJames v. Apel (June 30, 1999), 11th Dist. No. 98-T-0089, 1999 Ohio App. LEXIS 3096, 5.
 {¶ 18} CARS contends that the trial court erred in refusing to consider its statement of evidence because it claims that the court is aware that there is no "officially appointed reporter" and that the Willoughby Municipal Court employs an audio recording system.
 {¶ 19} As we noted in Beres v. G.S. Bldg. Co., 11th Dist. No. 2007-L-061, 2007-Ohio-6564, "[E]ven in the context of small claims hearings Civ. R. 53 must be strictly followed. It is well-settled law that when an appellant fails to provide a transcript or an alternative to a transcript as provided for in the civil rules, `there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below.'" Id. at ¶ 20, citingDeCato v. Goughnour (2000), *Page 6 136 Ohio App. 3d 795, 799. (Citations omitted.) See, also, Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, 7-8.
 {¶ 20} "[T]his court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit." Id. at ¶ 21, citing Jewell v. Jewell (June 20, 1997), 11th Dist. No. 96-L-097, 1997 Ohio App. LEXIS 2681, 6. (Citations omitted.) "Thus, an appellant is `precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings.'" Id., citing Dubay v. Dubay, 11th Dist. No. 2002-G-2481, 2003-Ohio-2918, ¶ 19. (Citation omitted.)
 {¶ 21} "It must be further noted that Civ. R. 53(D)(3)(b)(iii) does not give the objecting party the option of filing a transcript or an affidavit. `An affidavit may be employed only where a transcript of the proceedings is not available.'" Id. at ¶ 22, citing Sain v. Estate ofHass, 10th Dist. No. 06AP-902, 2007-Ohio-1705, ¶ 23. "Unavailability does not mean that a recording of the proceedings has not been transcribed or that the objecting party chooses not to order a copy of the recording in order to have it transcribed." Id.
 {¶ 22} Furthermore, reliance upon affidavits, as herein, "is misplaced as it fails to satisfy the requirements of the Ohio Rules of Civil Procedure * * * for the support of challenges to the factual findings of a magistrate." In re: I.S., A.S., T.S., 9th Dist. No. 23215,2007-Ohio-47, ¶ 16.
 {¶ 23} Small claims hearings in the Willoughby Municipal Court are audiotaped. The subject hearing was recorded and CARS' counsel was provided with the recording. *Page 7 
The proper procedure to be followed by counsel when the trial court does not have an "officially appointed reporter" is set forth in City ofShaker Heights v. Johnson (June 3, 1993), 8th Dist. No. 62825, 1993 Ohio App. LEXIS 2787. Counsel must file with the trial court a motion to designate an official court reporter nunc pro tunc in which counsel requests the court appoint a private court reporting firm as the official court reporter for the purpose of reviewing the audio recording and transcribing the testimony. Further, counsel must use a professional registered professional reporter or merit reporter, not a secretary or "contractor" working at counsel's firm.
 {¶ 24} App. R. 9(C) is only applicable when there was no recording or the recording is not available.
 {¶ 25} CARS could also have submitted an agreed statement between the parties as the record on appeal pursuant to App. R. 9(D), which states, in part: "[i]n lieu of the record on appeal * * * the parties * * * may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented." But given the especially adversarial posture below alleged by CARS, this may not have been a viable option.
 {¶ 26} Simply put, CARS was "responsible for providing [the] court with a record of the facts and testimony necessary to support [its] assignments of error." Mix v. Mix, 11th Dist. No. 2003-G-2552,2005-Ohio-2068, at ¶ 24, citing Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has `no choice but to presume the validity of the trial court's proceedings and *Page 8 
affirm.'" Id., citing City of Cuyahoga Falls v. James, 9th Dist. No. 21119, 2003-Ohio-531, ¶ 9, quoting Knapp v. Edwards Laboratory (1980),61 Ohio St.2d 197, 1999.
 {¶ 27} Thus, the trial court properly presumed the regularity of the proceedings since CARS failed to provide a transcript of the proceedings in support of its objections and cannot now demonstrate error based on factual interpretations.
 {¶ 28} CARS' first assignment of error is without merit.
 {¶ 29} Manifest Weight of the Evidence
 {¶ 30} In its second assignment of error, CARS alleges that the trial court's judgment for Mr. Harris and award of $3,000 plus 8% interest was against the manifest weight of the evidence. Specifically, CARS contends that there is no evidence indicating that Mr. Harris incurred $3,000 worth of repairs that were actually covered by the limited warranty.
 {¶ 31} "* * * `Manifest weight' requires a review of the weight of the evidence presented * * *.
 {¶ 32} "In determining whether the verdict was against the manifest weight of the evidence, `(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" Brown at ¶ 13-14, quotingState v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, 14-15.
 {¶ 33} In order to determine whether the trial court abused its discretion in adopting the magistrate's decision, we would need to review and weigh the testimony *Page 9 
introduced at the hearing and consider the credibility of the record. Although CARS timely filed its objections, as we reviewed above, CARS did not submit a transcript as prescribed by App. R. 9.
 {¶ 34} "Civ. R. 53(E)(3)(b) provides that `any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.' The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." Id. at ¶ 17, citing Calhoun-Brannon v.Brannon, 11th Dist. No. 2003-T-0019, 2003-Ohio-7216, ¶ 9, citing In reO'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 Ohio App. LEXIS 5460, 3.
 {¶ 35} Moreover, "if the objecting party fails to provide either of the [foregoing] in support of [its] objections, [the party] `is precluded from arguing factual determinations on appeal.'" Id., citingYancy at 2. (Parallel citations omitted.)
 {¶ 36} Thus, "[t]he result of this preclusion is the waiver of `any claim that the trial court erred in adopting the magistrate's findings,' and the appellate court is limited to `a determination of whether the trial court erred in finding that there was no error of law or other defect on the face of the * * * magistrate's decision. Civ. R. 53(E)(4)(a).'" Id. at ¶ 18, citing Lovas at 5.
 {¶ 37} Our review of the record reveals no defects or errors of law in the magistrate's decision, and the trial court's subsequent judgment to adopt the decision. The documents of the initial sale and limited warranty, as well as the repair invoices, demonstrate that the repair for the engine should have been covered under the warranty, and that for whatever reason, such coverage was denied in this case. *Page 10 
 {¶ 38} The trial court also stated in its judgment entry, "[presuming arguendo that the transcript is accurate, it appears that the Plaintiff [Mr. Harris] directly and by his mechanic sought prior approval for the work. Defendant's Intake Form of 5/23/2007, indicates in part, `. . .these are now covered components' and 6/13/2007 form notes. . . `Repairs done w/o auth. claim will be denied.' The Magistrate, after trial, found the Defendant to be liable and issued the Finding accordingly and the Finding was previously adopted by the Court. * * *"
 {¶ 39} As the trier of fact, the magistrate was in the best position to hear and observe the witnesses, and to measure their credibility. In that capacity, he `had the right to either believe or disbelieve the testimony given.'" Id. at ¶ 19, citing Lovas at 6.
 {¶ 40} Moreover, a review of the limited liability warranty that is in the record reveals that the engine was a "covered component", albeit the CARS' claim procedure was not precisely followed. In any case, we must accept the magistrate's factual findings as true since "[w]ithout a statement of the hearing, appellant cannot demonstrate the error, and thus, we must presume the regularity of the proceedings and that the facts were correctly interpreted." Yancey at 8, citing Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 19-20.
 {¶ 41} Thus, we conclude that the trial court did not err in adopting the magistrate's decision finding CARS liable per the limited liability warranty and to award Mr. Harris $3,000 for the engine replacement. *Page 11 
 {¶ 42} Accordingly, CARS' second assignment of error is without merit.
 {¶ 43} The judgment of the Willoughby Municipal Court is affirmed.
DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur.
[1] We note that the "transcript" of the hearing was not submitted to the other party for approval or objections and was not approved by the trial court. *Page 1